[S. F. No. 336.   Department One.—February 15, 1897.]

GEORGE F. GARDNER, APPELLANT, v. C. C. SAMUELS ET AL., RESPONDENTS.

PLEADING—DEMURRER TO COMPLAINT — MISJOINDER OF PARTIES—SUFFICIENCY OF FORM.—A demurrer to a complaint upon the ground of a misjoinder of parties which designates the defendants who are improperly joined with the demurring party, sufficiently calls the plaintiff's attention to the objection to the complaint and is sufficient in form. It is not necessary to incorporate into the demurrer an argument in support thereof, or to state therein the reasons why the misjoinder is improper.

ID.— PROPER PARTIES DEFENDANT—CAUSE OF ACTION AGAINST ONE.—If the relief sought by a plaintiff by reason of the cause of action as framed in his complaint, would render all of the persons named as defendants proper parties to entitle him to such relief, a defendant against whom a sufficient cause of action is stated, cannot demur for misjoinder of defendants because the complaint does not sufficiently state a cause of action against another defendant.

ID.—ACTION BY LESSEE TO ENFORCE LIEN FOR IMPROVEMENTS AGAINST LESSOR—PURCHASER OF LAND A NECESSARY PARTY.—In an action by a

lessee of land against the lessor to have the value of certain improve-
ments placed upon the land by the lessee declared to be a lien thereon,
and to have the land sold for its payment, a subsequent purchaser of
the land, who purchased it after the termination of the tenancy, is a
necessary party defendant, and he cannot be said to be improperly
joined as a defendant, even though the complaint does not sufficiently
state a cause of action for affirmative relief against him.

ID.—NO LIEN FOR IMPROVEMENTS WITHOUT EXPRESS AGREEMENT.—In the
absence of an express agreement to that effect, a tenant has no lien
upon leased land for the value of improvements placed thereon, under
an agreement that the landlord shall pay for the same, at the expira-
tion of the term.

LANDLORD AND TENANT—LEASE—PERSONAL COVENANT OF LESSOR—PAY-
MENT FOR IMPROVEMENTS—PURCHASER AFTER BREACH NOT LIABLE.—
A covenant in a lease of land by the terms of which the lessor agrees
upon the expiration of the term to pay for any improvements which the
lessee might put upon the land under a permission therefor in the lease,
without any covenant by the lessee to make improvements, is a per-
sonal covenant upon the part of the lessor, and not one which can be
enforced against one who purchases the land after the breach of such
covenant.

APPEAL from a judgment of the Superior Court of
Napa County.  E. D. HAM, Judge.

The facts are stated in the opinion of the court.

*Henry C. Gesford, H. M. Barstow,* and *Dinkelspiel &
Gesford,* for Appellant.

If plaintiff be entitled to judgment against Samuels,
the fact that he is joined with another party defendant
against whom he is not entitled to judgment, should
not prejudice his right to proceed to judgment against
the former. (*O'Callaghan* v. *Bode,* 84 Cal. 489.) The
demurrer on the ground of misjoinder of parties de-
fendant is substantially a reiteration of the words of
the statute, and is too broad to raise the objection that
Samuels and Morris are improperly joined. (Code Civ.
Proc., sec. 431; *O'Callaghan* v. *Bode, supra; Irwin* v.
*Wood,* 4 West Coast Rep. 212).  The covenant of Sam-
uels to pay for the improvements made by Gardner on
the demised premises runs with the land. (Civ. Code,
secs. 1460–66; *Bailey* v. *Richardson,* 66 Cal. 416; *Spen-
cer's case,* 1 Smith's Lead. Cas., 92; 5 Coke, 16; *Lametti*

v. *Anderson*, 6 Cow. 301; *Thompson* v. *Rose*, 8 Cow. 266; *Norman* v. *Wells*, 17 Wend. 136; *Tallman* v. *Coffin*, 4 N. Y. 134; *Frederick* v. *Callahan*, 40 Iowa, 311; *Hanson* v. *Meyer*, 81 Ill. 321; 25 Am. Rep. 282; *Ecke* v. *Fetzer*, 65 Wis. 55; *Cronin* v. *Watkins*, 1 Tenn. Ch. 119; *Sterling etc. Co.* v. *Williams*, 66 Ill. 393; *Van Rensselaer* v. *Dennison*, 35 N. Y. 393; *Worthington* v. *Hewes*, 19 Ohio St. 66; *Wooliscirft* v. *Norton*, 15 Wis. 198.) Gardner is entitled to an equitable lien upon the demised premises for the value of his improvements. (Pomeroy's Equity Jurisprudence, secs. 1235–43; *Scott* v. *Lunt*, 7 Pet. 596; *Williams' Appeal*, 47 Pa. St. 283; *Quain's Appeal*, 22 Pa. St. 510.)

*F. E. Johnston*, for Respondent.

The demurrer is sufficient in form. (Code Civ. Proc., sec. 431.) Each of the defendants had the right to demur for any of the causes specified in the statute. (Code Civ. Proc., sec. 430.) A lien is created by contract of the parties, or is imposed by law. (Civ. Code, sec. 2881.) There was no covenant on the part of Gardner running with the land. (*Bream* v. *Dickerson*, 2 Humph. 126; 6 Lawson's Rights, Remedies, and Practice, 4613.) Morris is not bound, even if the covenant of Gardner be said to be a covenant running with the land. (Civ. Code, secs. 1464, 1466; *Bailey* v. *Richardson*, 66 Cal. 420; *Washington etc. Co.* v. *Johnson*, 123 Pa. St. 576; 10 Am. St. Rep. 553.)

HARRISON, J.—The plaintiff leased from the defendant, Samuels, November 18, 1886, a tract of land in Napa county for the term of three years from May 2, 1887, and entered into possession of said land at the commencement of the term, and at its expiration, May 2, 1890, surrendered the premises to the plaintiff. The lease contained the following agreement: "It is further mutually covenanted and agreed by and between said parties that said party of the second part may at any time, prior to the going into effect of this lease, go upon

said premises to make such improvements as he shall deem necessary, and said party of the first part, for himself, his heirs, administrators, and assigns, agrees to pay unto said party of the second part, at the expiration of this lease, for any and all improvements placed upon said premises by said party of the second part, not to exceed the sum of fifteen hundred dollars," with provision for the determination of the value by agreement or by arbitration.    In pursuance of this agreement the plaintiff made certain improvements of a permanent nature upon the land, which, at the expiration of the term, were of the value of two thousand two hundred dollars.    The defendant, Morris, became the owner of the land on the tenth day of November, 1891, and since that time has been the owner, and in possession thereof, and before he purchased the same had full notice that the plaintiff had made these improvements, and also of the agreement by Samuels to pay him therefor, and of his failure to make such payment.    At the expiration of the term Samuels refused to agree with the plaintiff upon the value of the improvements or to pay him anything therefor, and in April, 1894, the plaintiff requested Samuels, and also the defendant, Morris, to submit the determination of their value to arbitration, as provided in the lease, and named an arbitrator therefor, but they each refused either to submit the same to arbitration or to pay for said improvements.    Plaintiff thereupon brought the present action to recover from Samuels the sum of fifteen hundred dollars, and that it be decreed to be a lien upon the land so leased, and for a sale thereof in satisfaction of said lien.    The defendants severally demurred to the complaint for want of facts to constitute a cause of action, and also for a misjoinder of parties defendant, each specifying in his demurrer that he was improperly joined with the other.    The court sustained the demurrers, and from the judgment entered thereon the plaintiff has appealed.

1. The demurrer was sufficient in form.    Each of the

defendants distinctly specified therein that the ground of his demurrer for misjoinder of parties defendant was that he was improperly joined with the other defendant. It was not necessary to incorporate into the demurrer an argument in support thereof, or to state therein the reasons why such misjoinder was improper. A demurrer couched in the language of the statute would have been insufficient (*O'Callaghan* v. *Bode*, 84 Cal. 489); but a demurring party by designating the defendants who are improperly joined with him, sufficiently calls the plaintiff's attention to his objection to the complaint.

2. The demurrer of the defendant Morris was properly sustained. The agreement of Samuels to pay the value of the improvements was not a covenant which could be enforced against one who purchased the land after the breach of such agreement. There was no covenant on the part of the plaintiff to make any improvements. He was merely given the permission to do so, and the agreement of Samuels was only for the payment of money therefor. Such an agreement is personal, and does not bind the assignee of the reversion. (*Bream* v. *Dickerson*, 2 Humph. 126.) Section 1466 of the Civil Code, declares: "No one merely by reason of having acquired an estate subject to a covenant running with the land is liable for a breach of the covenant before he acquired the estate, or after he has parted with it or ceased to enjoy its benefits." (See, also, *Bailey* v. *Richardson*, 66 Cal. 416.) Upon the breach of this agreement the plaintiff had merely a right of action against Samuels which was purely personal, and which was not assumed by Morris when he subsequently became the owner of the land. Nor did the agreement of Samuels have the effect to give to the plaintiff a lien upon the land for the security of this payment. It was held in *Ecke* v. *Fetzer*, 65 Wis. 55, in an action of ejectment, that a covenant by which the lessor agreed that at the expiration of the term he would pay for improvements that should be placed upon the land by the

tenant during the term, bound an assignee of the lease, "who took the assignment of the lease during the term, and received rent as such assignee during said term," and that the tenant was entitled to retain possession of the leased premises until such payment should be made. This right in the tenant existed, however, not by virtue of a lien on the land for the value of the improvements, but upon the principle that the landlord, having agreed to pay for the improvements, could not maintain ejectment and compel their delivery until such payment was made. If the tenant surrenders the possession he cannot afterward claim a lien thereon as against a subsequent purchaser from the landlord. In *Fowler* v. *Mutual Life Ins. Co.*, 28 Hun, 195, the trustees of a trust estate made an agreement with their lessee that at the expiration of the term he should be paid for certain improvements which he might make upon the property, but did not bind themselves for its payment, and it was held that, as the trustees made the agreement only in their representative capacity, the trust estate was bound therefor, and the lessee was entitled to have the amount decreed to be a lien upon the trust estate. This was the application of a well-known rule of equity, and differs essentially from the principles governing the present case. The parties could have inserted in their lease an agreement that the value of the improvements should be a lien upon the land to be secured thereby, but their omission to do so implies that such was not their intention, and the plaintiff is therefore deprived of the right to such lien. In the absence of an agreement to that effect, a tenant has no lien upon the leased land for improvements placed thereon under an agreement with the landlord to pay for the same at the expiration of the term. (*Hite* v. *Parks*, 2 Tenn. Ch. 375; *Taylor* v. *Baldwin*, 10 Barb. 582; *Coffin* v. *Talman*, 8 N. Y. 465; *Beck* v. *Birdsall*, 19 Kan. 550.)

3. The complaint sufficiently states a cause of action against the defendant Samuels. It is urged by the respondent, however, that the demurrer of Samuels was

properly sustained by reason of the misjoinder of Morris with him as codefendant. The provision authorizing a demurrer for the misjoinder of parties defendant is taken from the system of equity pleading which formerly prevailed. Under that system such demurrer could be interposed only by the party who was improperly made a defendant. A defendant against whom there was a sufficient complaint could not object that others who had no interest in the subject matter of the suit were made defendants, unless it also appeared that his interests were affected thereby. (Story's Equity Pleading, sec. 544; Beach's Modern Equity Practice, secs. 80, 254; *Cherry* v. *Monro,* 2 Barb. Ch. 618.) This ground of demurrer is authorized by the code of Missouri, and it is held in that state that the former rule in equity is to be followed. (*Ashby* v. *Winston,* 26 Mo. 210.) Another rule of pleading prescribed by the code which is also taken from the equity system is the provision of section 379 of the Code of Civil Procedure: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." The "controversy" here referred to is the claim for relief made by the plaintiff against the defendants, which he sets forth in his complaint. In the present case this claim is to have the amount of his demand against Samuels for the value of the improvements placed upon the land declared to be a lien thereon, and to have the land sold for its payment. As Morris is alleged to have an interest in the land, he is a necessary party to the determination of such an action, and he cannot be said to be improperly joined as a defendant, even though the complaint does not sufficiently state a cause of action for affirmative relief against him. If the relief sought by a plaintiff by reason of the cause of action as framed in his complaint would render all of the persons named as defendants proper parties to entitle him to such relief, a defendant against whom a sufficient cause of action is stated can-

not demur for misjoinder of defendants because the complaint does not sufficiently state a cause of action against another defendant. "It is only where the complainant has some ground of relief against each defendant, and where his claims for relief against them respectively are improperly joined in one suit, so as to make the bill multifarious, that each defendant has the right to demur upon the ground that the other defendants are improperly joined with him in the suit." (*Cherry* v. *Monro, supra.*) In an action to foreclose a mortgage the mortgagor cannot demur for the misjoinder of a defendant whose alleged claim does not appear to constitute a lien upon the mortgaged lands, nor can the maker of a promissory note demur to a complaint against him and the indorser for the misjoinder of the indorser, because the complaint fails to state facts sufficient to bind the latter.

The judgment is reversed, and the court below is directed to overrule the demurrer of the defendant Samuels, with leave to him to answer within such time as it may designate.

VAN FLEET, J., and GAROUTTE, J., concurred.