[Civ. No. 5147. First Appellate District, Division Two.—May 7, 1925.]

DANIEL O'CONNELL, Respondent, v. WILLIAM J. ROGERS et al., Defendants; BEATRICE M. F. Mc-KELLAR, Appellant.

[1] ATTACHMENT—UNDERTAKING TO RELEASE—LAPSE OF THREE YEARS —VOID ORDER OF RESTORATION.—Where property held · under attachment is released ·upon the giving of an undertaking and, more than three years after the issuance of the attachment and after the defendant has ignored an order of the court to give a new undertaking, the court orders the attachment "restored with all the force and effect given to it by law," such latter order is ineffectual for any purpose.

[2] ID.—NONCOMPLIANCE WITH COURT'S ORDERS—CONTINUED LIABILITY OF ORIGINAL SURETIES.—Plaintiff's motion having been to order a new undertaking because of the absence from the state of one of the sureties on the original undertaking, and defendant having .not only failed to comply with the order of the court directing it to give a new undertaking but having disposed of all its property, and having suffered the court to make an ineffectual order that the attachment be "restored with all the force and effect given to it by law," and the order of the court not having purported to release the sureties on the original undertaking, said sureties remained liable on their undertaking that the attached property would be restored for the purpose of satisfying the judgment, or that in default thereof they would pay.

[3] ID.—ACTION ON UNDERTAKING—MISJOINDER OF PARTIES.—In an action on an undertaking given to secure the release of an attachment, where the plaintiff joins, as defendants, the sureties on said undertaking, the corporation principal (the defendant in the original action) and the stockholders of said corporation, and the complaint states a good cause of action against said sureties, they may not demur on the ground of misjoinder of the other defend-

ants "in that it cannot be determined" in what capacity some of them are sued, although some of said other defendants might demur on that ground.

[4] STATUTE OF LIMITATIONS—WAIVER—APPEAL.—The plea of the statute of limitations may be waived; and unless the plea is made in the trial court it cannot be considered on an appeal from the judgment in favor of plaintiff.

(1) 6 C. J., p. 470, n. 22 New. (2) 6 C. J., p. 348, n. 94 New. (3) 30 Cyc., p. 140, n. 54. (4) 3 C. J., p. 709, n. 61; 37 C. J., p. 721, n. 16.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

Courtney L. Moore for Appellant.

Daniel O'Connell, *in pro. per.*, for Respondent.

NOURSE, J.—Plaintiff sued to recover on a statutory bond given under sections 554 and 555 of the Code of Civil Procedure for the release of an attachment upon real property. The defendant McKellar alone appeared in answer to the summons and from the judgment which was rendered against her she appeals under section 953a of the Code of Civil Procedure.

The controversy arose from an action commenced by the same plaintiff against the Santanella Land Company, a corporation, for services rendered. When that action was commenced an attachment was issued and levied upon real property belonging to the corporation and situated in Merced County. To release its property from the attachment the corporation filed an undertaking with the defendants Rogers and McKellar as sureties, and, after a hearing and examination thereon, the undertaking was approved and the attachment was, by order of the court, discharged. Thereafter the corporation disposed of all its property and rendered itself immune from execution upon the judgment which was subsequently rendered against it. The undertaking was in the usual form provided for in section 555

4. See 17 R. C. L. 988; 16 Cal. Jur. 603.

of the Code of Civil Procedure, and recited that it was given in consideration of the release from attachment of the property of the corporation. Thereby the sureties expressly contracted that, if the plaintiff should recover judgment, the defendant would, on demand, redeliver the attached property to the proper party to be applied on the judgment or that, in default thereof, they would pay to the plaintiff the full value of the property not exceeding the amount of the judgment. The value of the bond was $2,500; the judgment was for $398. Execution was returned unsatisfied and the plaintiff made demand upon the corporation and its sureties for payment of the judgment. This demand having been refused the present action was commenced against the principal and the sureties on the bond and against Rogers and one Wiley, who were alleged to be the sole stockholders and owners of the corporation. The defendant Wiley defaulted and the trial was had against the defendant McKellar alone. She appeals from the judgment which went against her in the sum of $409.92.

Two grounds are presented by the appellant in her attack upon the judgment: First, that the sureties on the bond in suit were released when the superior court ordered the attachment restored upon the failure of the corporation to give new and sufficient surety; and, second, that the special demurrer of appellant on the ground of misjoinder of parties defendant should have been sustained.

On the first point the appellant directs our attention to section 1057 of the Code of Civil·Procedure, which authorizes the superior court to require a new undertaking with sufficient sureties when it appears that any surety on the bond given has become insufficient. The section also provides that if such new undertaking shall not be given ''all rights obtained by the filing of such original undertaking shall immediately cease.'' [1] Acting under the provisions of this section the superior court, upon motion of the plaintiff in the original suit, ordered a new undertaking, and when this order was ignored by the defendant corporation the court ordered the attachment ''restored with all the force and effect given to it by law.'' As the order was made more than three years after the attachment was issued, and the lien thereof had ceased (sec. 542a, Code Civ. Proc.), there was no force or effect ''given to it by law'' and the order was therefore ineffectual for any purpose.

[2] But aside from this the order did not purport to re-lease the sureties on the original bond. The motion of the plaintiff was to order a new undertaking because of the absence from the state of Rogers, one of the sureties on the original bond. If a new undertaking with new sureties had been offered and accepted by the plaintiff, then the question of the release of the sureties on the original undertaking might arise. But this was not done. The defendant in the original suit not only failed to file a new undertaking, but, having disposed of all its property, suffered the court to make an order which was ineffectual.

The case before us is therefore a simple one on a contract wherein the appellant agreed that the property would be restored for the purpose of satisfying the judgment, or that in default thereof she would pay. The consideration was the release of the property from the attachment. This con-sideration was executed and paid. The breach of the con-tract is obvious and the judgment properly followed against the appellant.

[3] In framing his complaint the respondent joined as defendants the principal and the two sureties on the under-taking. He also joined Rogers, one of the sureties, and Wiley, as the sole stockholders and owners of the corpora-tion principal upon the undertaking. The demurrer of the appellant is on the ground of misjoinder of these parties ''in that it cannot be determined'' in what capacity some of them are sued. It may be conceded that some of the other de-fendants may have demurred on these grounds, but the complaint states a good cause of action against this appel-lant and it is, of course, no concern of hers that others may be improperly joined to share her liability. (*Gardner* v. *Samuel*, 116 Cal. 84, 90 [58 Am. St. Rep. 135, 47 Pac. 935].)

[4] In her final brief on this appeal the appellant for the first time raises the point that the proceedings are barred by section 542a of the Code of Civil Procedure. It needs no citation of authority to the point that the plea of the statute of limitations may be waived and that unless the plea is made in the trial court it cannot be considered on an appeal from the judgment.

Judgment affirmed.

Preston, J., *pro tem.*, and Langdon, P. J., concurred.