[S. F. No. 12106. Department One.—February 9, 1928.]

JOSINE ERDEVIG Appellant, v. MARKET STREET RAILWAY CO. (a Corporation), Respondent.

Nat Schmulowitz, Oliver B. Wyman, A. D. Duncan and C. M. Booth for Appellant.

Wm. M. Abbott, K. W. Cannon and Cyril Appel for Respondent.

CURTIS, J.—This action was brought by appellant to recover damages for injuries sustained by her in being knocked down by an electric car owned by respondent and operated at the time of the accident by respondent's em-

ployees. The trial court granted a nonsuit and the plaintiff has appealed. The evidence shows that the appellant was, at the time she was struck by respondent's car, in the act of crossing Market Street, in the city of San Francisco, at its intersection with Franklin and Twelfth Streets. Just prior to the accident the appellant had walked from the northerly curbstone of Market Street to the safety zone contiguous to the tracks of the Municipal Street Railway on the northerly side of Market Street. A Municipal car had stopped opposite and parallel to this safety zone upon appellant's arrival at the safety zone. This car, before it stopped, had been traveling in a westerly direction, and the front or westerly end thereof was about even with the westerly end of the safety zone. Appellant walked in front of the standing Municipal car, intending to cross Market Street at the intersection crossing to the safety zone on the opposite or southerly side of said street for the purpose of taking a car which would carry her in an easterly direction down Market Street. We now quote from appellant's testimony: "The Market Street Railway tracks are about six feet from the Municipal tracks. I saw no car on the Market Street Railway tracks. Just as I cleared the Municipal car a Market Street Railway car knocked me to the pavement. I did not hear any gong or bell. Q. Did you see the street car before it struck you? A. No, I did not—it was instantaneous. Q. Do you know what portion of the car struck you? A. The front corner, as near as I know. Q. Which front corner, or which side? A. The right. . . . The car sruck my left thigh. My back, in the bumping around, was wrenched badly and also bruised and within the course of being bumped around my knees were bruised and my elbows also. My back had to be taped. The buttons were all torn off my clothes and my stockings were in shreds. The first I recollect after the accident was being back in the safety zone that I had just left. The Market Street Railway car that struck me stopped quite a little distance ahead of the safety zone after I was struck."

On cross-examination the appellant testified as follows: "Q. The only time that you saw the Market Street Railway Company's car that was involved in the accident was the instant that it came in contact with you? A. I knew noth-

ing—it was instantaneous—just when I cleared the Municipal car—just the instant I had cleared it I was struck. Q. Did you see the Market Street Railway Company car at all? A. No. Q. And, as you crossed in front of the Municipal Street car, was there anything to obstruct your view to your east, that is, to your left, or to your right, on Market Street? A. Well, the instant I cleared the track—all the while—why, I put my gaze ahead. Q. You were looking straight ahead? A. And to the side as I crossed, and the instant I cleared the Municipal track I was struck. Q. When you crossed in front of the Municipal Street car, did you look to your left? A. Yes, sir. Q. Was there anything to obstruct your view in an easterly direction, toward the Ferry, on Market Street, at the time you looked to the left? A. No. Mr. Booth: I don't suppose, Miss Erdevig, that you know how far these cars extend out from the tracks and into the space between the tracks? A. Well, I can't say exactly, but it is quite a little ways from the tracks that they extend."

A Mrs. Foard, a sister of appellant, testified on cross-examination that: "I saw my sister walk in front of a standing Municipal car and the next thing after she passed in front of the standing Municipal car she was knocked down by a Market Street car. She was never on the track in front of the Market Street car."

It was also in evidence that the tracks of both the Municipal Street Railway and the Market Street Railway were standard gauge, and that the distance between the two rails of each track was four feet eight inches, and that the distance between the Municipal Street Railway track and the Market Street Railway track was six feet four inches. There was no evidence as to the exact distance the cars extended out from or overhung the tracks on which they are operated.

In order for the appellant to have made out a case which would entitle her to have the merits thereof passed upon and decided by the jury, it was necessary for her to prove negligence on the part of the respondent in the operation of its car which proximately caused her injury. The burden of proving contributory negligence on the part of the appellant is an affirmative defense and must be both alleged and proven by respondent. But if appellant, in endeavoring to prove neg-

ligence on the part of the respondent, gave evidence from which contributory negligence on her part could have been reasonably inferred, it was the duty of the court, upon the motion for a nonsuit, to give consideration to such evidence, and if it were sufficiently strong as to show as a matter of law that appellant was guilty of contributory negligence which proximately caused the injury sustained by her, then it was the duty of the trial court to grant such motion.

Therefore, appellant's evidence must have shown negligence on the part of respondent proximately causing her injury without showing that appellant was guilty of contributory negligence, and unless it possesses both these characteristics the plaintiff failed to make out a case for the jury and a nonsuit was proper. Let us first ascertain whether the evidence of appellant made out a *prima facie* case of negligence against respondent. The place where the injury was sustained was at a street intersection. From this fact we think we can reasonably infer that it happened at a point in the street where pedestrians were not only accustomed to cross, but where in most communities they are required to walk in going from one side of the street to the other. The evidence shows that a safety zone was established at this point and that cars stopped there to take on and unload passengers. The Municipal car had stopped for that purpose just before appellant walked in front of it. The Market Street Railway car was traveling in the same direction as this Municipal car at the time it struck appellant and was obscured from appellant's sight by the Municipal car. We think the only reasonable conclusion to be drawn from the evidence is that the car of respondent approached this crossing without stopping, and that at the time it was traveling at rather a rapid rate of speed, as the evidence of appellant was that after it hit her it went some distance beyond the safety zone before it was stopped. Appellant testified that she heard neither bell nor gong sounded by those operating the car, and from this evidence we must infer that no warning was given as the Market Street Railway car approached the crossing. We think this evidence establishes beyond question that the respondent was negligent in the operation of its car at the point where it struck and injured appellant. Re-

spondent was, therefore, responsible to the appellant for the injuries sustained by her unless appellant was guilty of contributory negligence. As we have already seen, the distance between the two car tracks was six feet four inches. The cars of each company extended out or overhung the tracks some little distance, and this would diminish the space between the car on the Municipal Street Railway track and the car on the Market Street Railway track when abreast of each other to the extent that the two cars extended out over their respective tracks. Whatever this space was (and from the evidence it must have been materially less than six feet four inches, the distance between the two car tracks) it represented the distance the appellant traveled after passing in front of the Municipal car before she was struck by the car of respondent. Her testimony was that: "Just when I cleared the Municipal car—just the instant I had cleared it I was struck." We might reasonably infer from this evidence that appellant took but a step or two after clearing one car before she was struck by the other. As we have already seen, her view of the Market Street Railway car was obscured by the presence of the Municipal car, and it would continue to be obscured until she had passed beyond the Municipal car. She was looking straight ahead and to her left. She was using the street crossing, which she, as well as other pedestrians, had at least an equal right with respondent to use. Whether under these circumstances she was guilty of contributory negligence in walking in front of respondent's car, as it neared the crossing without giving any warning of its approach, we think was a question which should rightly be left to the decision of the jury. It was a question upon which reasonable minds might differ and was, therefore, one of fact for the jury and not one of law for the court (*Driscoll* v. *Cable Ry. Co.*, 97 Cal. 553 [33 Am. St. Rep. 203, 32 Pac. 591]; *Hennesey* v. *Bingham*, 125 Cal. 627 [58 Pac. 200]; *Babcock* v. *Los Angeles etc. Co.*, 128 Cal. 173 [60 Pac. 780]; *Wahlgren* v. *Market Street Ry. Co.*, 132 Cal. 656 [62 Pac. 308, 64 Pac. 993]; *Schneider* v. *Market Street Ry. Co.*, 134 Cal. 482 [66 Pac. 734]; *Scott* v. *San Bernardino Valley etc. Co.*, 152 Cal. 604 [93 Pac. 677]).

The facts in this case are quite similar to those in *Driscoll* v. *Cable Ry. Co., supra.* In this latter case this court said: "Under these circumstances—the appellant being in default for not giving the proper warning—we think the question whether the deceased was guilty of contributory negligence was a proper one for the jury; that deceased cannot be held, as a matter of law, to have been so guilty; and that there was sufficient evidence to warrant the jury in finding that he was not. Counsel for appellant, in his very thorough and able brief, has cited a number of cases in which it was held that the plaintiff could not recover, because he had not exercised sufficient caution in attempting to cross a railroad track. Those were cases, however, where the accidents occurred on ordinary steam-railroads running through the country at comparatively long intervals of time, and the rule there laid down can hardly be applied in all its strictness to street railroads in crowded cities, where a car that can be speedily stopped passes a crossing every two or three minutes, and where people necessarily cross the streets frequently and hurriedly. . . . Of course, if all people exercised the greatest care and caution in approaching and crossing railroad tracks, such accidents as the one here involved would rarely, if ever, occur; but the law does not expect or require such extreme care."

The appellant had a right to rely upon those in charge of respondent's car, in the event they were approaching the crossing then being in regular use by pedestrians, that they would give some warning or signal of the approach of the car, especially when their view of pedestrians passing in front of the Municipal car was obscured by the presence of the Municipal car. This principle was enunciated in the case of *Scott* v. *San Bernardino Valley etc. Co.*, 152 Cal. 604 [93 Pac. 677], and has never to our knowledge been departed from by this court. In that case Mr. Justice Shaw, speaking for the court, said: "The foot passenger or driver of a horse has a right to expect that those in charge of street cars will operate them in the manner and run them at the speed which is customary at the particular place, and that they will give the usual warnings and signals, and take the usual precautions to avoid injury to others. . . . In a crowded street it is often necessary and

not inconsistent with reasonable prudence for a person to cross the street in front of street cars, in motion or at rest, at a point so near that it would be *prima facie* an act of negligence if attempted at another place where the streets are less crowded and the cars usually run faster.''

Respondent has cited a number of cases in support of its contention that appellant was guilty of contributory negligence as a matter of law. The difference between the facts in those cases and the facts in the present case, in our opinion, renders these authorities inapplicable to the present action.

Judgment reversed.

Preston, J., and Seawell, J., concurred.

Hearing in Bank denied.

All the Justices concurred.