[Civ. No. 6302. First Appellate District, Division Two.—September 19, 1928.]

MARGARET FRAHER, Respondent, v. FRANK EISENMANN, Appellant.

Barry J. Colding, Theodore Hale, B. P. Gibbs and Carroll B. Crawford for Appellant.

Frank J. Creede and Thomas W. Slaven for Respondent.

NOURSE, J.—Plaintiff sued for personal injuries suffered by reason of being knocked down by an automobile driven by defendant Eisenmann while the plaintiff was crossing Mission Street near its intersection with New Montgomery Street, in the city and county of San Francisco. The California Highway Indemnity Exchange was joined as a defendant by reason of a policy of insurance issued by it to its co-defendant under the terms of an ordinance of the city and county. The cause was tried before the court sitting with a jury and at the close of plaintiff's case a nonsuit was granted to the Indemnity Exchange and the trial was continued as to the defendant Eisenmann, resulting in a verdict for the plaintiff in the sum of five thousand dollars. This defendant has appealed upon a typewritten record.

The story of the accident, as related by the plaintiff and witnesses called in her behalf, is that at the hour of 8:15 A. M. on January 21, 1925, after alighting from an eastbound Mission Street car, at the intersection of Mission with New Montgomery Street, and after waiting for the car to pass across the intersection, she started to walk across Mission Street from the safety station located near the westerly line of New Montgomery; that as she reached the northerly rail of the northerly set of tracks on Mission Street she stopped to allow an automobile to pass her and that while standing at this point she was suddenly struck down by appellant's automobile, which was following the other at a high rate of speed, the rear end of which swerved or careened toward her from the line of traffic which it was following. There are, as is usual in cases of this kind, some contradictions of this testimony on the part of the appellant, but it would serve no purpose to refer to these as the jury evidently believed the evidence offered on the part of the respondent.

On this appeal the appellant urges first the ground that there was no evidence of negligence on his part. The theory of respondent is that the appellant was traveling at

an excessive rate of speed over an intersection in a closely built up portion of the city, and that the accident was caused by appellant's circling an obstruction in the street at this intersection at such a high rate of speed as to cause the rear end of his automobile to skid, careen, or swerve to its left. There was sufficient evidence to support this theory and appellant does not argue that negligence could not be predicated upon these facts, but his position is that his own testimony as to the rate of speed at which he was traveling and as to the actions of respondent at the time of the impact failed to show negligence on his part. It is sufficient to say that the jury was privileged to believe the testimony offered by the respondent and to reject that offered by the appellant.

It is argued that respondent was guilty of contributory negligence *per se*. Here the argument is based upon the testimony offered by the appellant when taken in the light most favorable to him. But the evidence which the jury believed was that the respondent stopped while crossing the street at an intersection where foot-passengers were accustomed to cross, and that while standing still the appellant's machine suddenly, and without warning, swerved, or skidded into her. It is sufficient to say that when the question of contributory negligence depends so much upon the surrounding circumstances and is one upon which reasonable minds might differ it should be left to the jury. (*Erdevig* v. *Market Street R. R. Co.*, 203 Cal. 367 [264 Pac. 252]; *Collins* v. *California Street Cable R. R. Co.*, 91 Cal. App. 752 [267 Pac. 731].)

The appellant complains that the trial court erred in permitting the jury to learn that he was insured against loss by his co-defendant. The insurance carrier was joined as a party defendant on the theory that the policy of insurance inured directly to the public under the rule of *Gugliemetti* v. *Graham*, 50 Cal. App. 268, 270 [195 Pac. 64], and *Malachowski* v. *Varro*, 76 Cal. App. 207, 213 [244 Pac. 936]. The policy having been issued pursuant to an ordinance of the city and county the insurance carrier was properly joined as a party defendant, if the policy itself or the ordinance provided that it should inure to the benefit of the public. (See cases just cited, and *Milliron* v. *Ditt-*

*man*, 180 Cal. 443–445 [181 Pac. 779]; *Kruger* v. *California Highway Indemnity Exchange*, 201 Cal. 672–678 [258 Pac. 602].) The point was raised upon separate demurrers interposed by the appellant and the insurance carrier. Both demurrers were overruled and this is now assigned as error. The appellant's demurrer on the ground of the misjoinder of his co-defendant was properly overruled unless it appeared from the face of the complaint that he was prejudiced thereby. (*Gardner* v. *Samuels*, 116 Cal. 84–90 [58 Am. St. Rep. 135, 47 Pac. 935]; *O'Connell* v. *Rogers*, 72 Cal. App. 539–542 [237 Pac. 775].) But the demurrers were to be determined upon what appeared upon the face of the complaint and not upon what might be developed during the trial of the case. As the complaint alleged that this policy inured to the benefit of the public the case came squarely within the rule of the cases above cited and the demurrers were properly overruled.

But the appellant insists that the trial court erred in admitting in evidence the ordinance, the policy of insurance, and the appellant's application for a jitney bus permit. The ordinance was pertinent to the allegations of the complaint, which endeavored to fix liability upon the insurance carrier and was properly admitted over the general objection that it was irrelevant. If a separate objection had been made on the part of the appellant the evidence might have been limited to the defendant insurance carrier, but such objection was not made. The application for a permit and policy of insurance were also a part of plaintiff's case against the insurance carrier. The objections made when they were offered were that the proper foundation had not been laid. The trial court admitted the documents subject to a motion to strike out. But such motion was not made and the point will be deemed waived. (*Estate of Wempe*, 185 Cal. 557–564 [197 Pac. 949].)

Respondent was unable to prove, in the presentation of her case in chief, that the appellant was actually operating the car in the jitney service at the time of the accident (the policy of insurance covered loss while engaged in that service only) and the trial court, for that reason, granted the insurance carrier a nonsuit. As the carrier has not appealed the objection to the admission of these documents is urged by the appellant Eisenmann alone. After the nonsuit had

been granted the appellant appeared as a witness in his own behalf. The respondent then proved that, at the time of the accident, he was driving the car in the jitney service within the terms of the ordinance and the policy of insurance. His complaint now is that the admission of these documents brought to the attention of the jury the fact that he was insured against loss, but, as pointed out in the Milliron case, this was a fact of which the jury had notice— that is to say, the jury had notice that the law required appellant to procure a license and file a bond or policy of insurance, and made it a penal offense to operate a jitney bus without doing so. The jury would not presume that the appellant had committed a crime; and it does not seem reasonable that he could be prejudiced by evidence tending to prove that he had not.

Judgment affirmed.

Sturtevant, J., and Buck, P. J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 19, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 8, 1928.

All the Justices present concurred.