[Civ. No. 6960. First Appellate District, Division Two.—September 11, 1929.]

ERNEST E. SUNDBERG, Respondent, v. ISIDOR RINGEL, Appellant.

B. P. Gibbs, Barry J. Colding, Theodore Hale and Carroll B. Crawford for Appellant.

Hugh K. McKevitt and Bronson, Bronson & Slaven for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by the defendant Isidor Ringel from a judgment entered against him upon a verdict of a jury in the sum of ten thousand dollars.

Plaintiff Ernest E. Sundberg brought this action to recover damages for personal injuries suffered by him in an

automobile collision. On February 6, 1926, plaintiff was driving and operating a Ford truck on the westerly side of The Embarcadero, near its intersection with Sansome Street, in the city and county of San Francisco, when his truck was struck by an "automobile jitney bus" driven by defendant Isidor Ringel, throwing plaintiff from his truck and rupturing the ligaments in his back and inflicting other injuries to his back and body.

The only defendant in the original complaint was Isidor Ringel, but an amended complaint was filed in which "The California Highway Indemnity Exchange" was also joined as a defendant, by reason of a policy of insurance issued by it to its co-defendant Isidor Ringel, under the terms of an ordinance of the city and county of San Francisco. Both defendants interposed general and special demurrers to the amended complaint, setting up, among other grounds, the misjoinder of parties and actions. Both demurrers were overruled and defendants in due time filed separate answers, denying negligence on the part of defendant Isidor Ringel, and denying other allegations of the complaint, and for a further, separate and distinct answer, defendants alleged that plaintiff's injuries, if any, were the proximate result of his own negligence and carelessness. The case was tried before the court sitting with a jury, and at the conclusion of plaintiff's case a nonsuit was granted to "The California Highway Indemnity Exchange" and the case was continued as to defendant Isidor Ringel, resulting in a verdict for plaintiff in the sum of ten thousand dollars. No question is raised regarding the sufficiency of the evidence to support the verdict and judgment.

Appellant first contends, "The court erred in overruling the respective demurrers of the defendant Exchange and defendant Isidor Ringel, upon the question of misjoinder of actions and parties defendant, for the reason that by so doing the fact that the defendant Isidor Ringel carried a policy of insurance was repeatedly and improperly called to the attention of the jury, to the prejudice of the substantial rights of appellant." There is no merit in this contention. This precise point was urged in the case of *Fraher* v. *Eisenmann,* 94 Cal. App. 48 [270 Pac. 704, 705], by the same attorneys who represent the appellant in the case at bar, and there this court said: "The appellant com-

plains that the trial court erred in permitting the jury to learn that he was insured against loss by his co-defendant. The insurance carrier was joined as a party defendant on the theory that the policy of insurance inured directly to the public under the rule of *Gugliemetti* v. *Graham,* 50 Cal. App. 268, 270 [195 Pac. 64], and *Malachowski* v. *Varro,* 76 Cal. App. 207, 213 [244 Pac. 936]. The policy having been issued pursuant to an ordinance of the city and county of San Francisco, the insurance carrier was properly joined as a party defendant, if the policy itself or the ordinance provided that it should inure to the benefit of the public. (See cases just cited and *Milliron* v. *Dittman,* 180 Cal. 443, 445 [181 Pac. 779]; *Kruger* v. *California Highway Indemnity Exchange,* 201 Cal. 672, 678 [258 Pac. 602].) The point was raised upon separate demurrers interposed by the appellant and the insurance carrier. Both demurrers were overruled and this is now assigned as error. The appellant's demurrer on the ground of the misjoinder of his co-defendant was properly overruled unless it appeared from the face of the complaint that he was prejudiced thereby. (*Gardner* v. *Samuels,* 116 Cal. 84, 90 [58 Am. St. Rep. 135, 47 Pac. 935]; *O'Connell* v. *Rogers,* 72 Cal. App. 539, 542 [237 Pac. 775].) . . . But the demurrers were to be determined upon what appeared upon the face of the complaint and not upon what might be developed during the trial of the case. As the complaint alleged that this policy inured to the benefit of the public, the case came squarely within the rule of the cases above cited and the demurrers were properly overruled."

█ Appellant next contends that the court erred in admitting in evidence "Certain records, policies, and papers bearing upon the question of jitney bus insurance alleged to be carried by the defendant Isidor Ringel for the reason that the admission of such evidence was unwarranted, improper and prejudicial to the substantial rights of the defendant." This contention was likewise made in *Fraher* v. *Eisenmann, supra,* and held to be without merit.

Furthermore, in the case at bar, the court instructed the jury that the "insurance company" *was not interested in the case,* using this language: "At the outset, in this case, I might say to you, ladies and gentlemen of the jury, that perhaps you don't understand that this case is now between

the plaintiff on the one side, Ernest E. Sundberg, and the defendant on the other side, Isidor Ringel. The California Highway Indemnity Exchange *is out of the case, so in your deliberation upon the case you just consider the fact that they are not interested and that they are not in the case any longer.*"

The next and last contention made is that the verdict is excessive. A motion for a new trial upon several grounds, among them being "Excessive damages appearing to have been given under the influence of prejudice" and "Excessive damages appearing to have been given under the influence of passion," was made. (Sec. 657, subd. 5, Code Civ. Proc.) The motion for a new trial was denied.

The rule is well established that the amount of damages in this kind of an action is committed first to the sound discretion of the jury and next to the discretion of the judge of the trial court, who, in ruling upon the motion for a new trial, may consider the evidence anew, determine anew the facts and set aside the verdict if it is not just. Upon appeal the decision of the trial court and the jury on the subject cannot be set aside unless the verdict is "so plainly and outrageously excessive as to suggest, at first blush, passion or prejudice or corruption on the part of the jury" (*Reneau* v. *Hirsch,* 88 Cal. App. 1 [262 Pac. 1100, 1102], and cases there cited.)

We have carefully examined the entire record, including the evidence, and there is nothing in the record to show or suggest that the verdict was not the result of the fair and honest judgment of the jury.

At the time of the collision respondent was a man thirty-nine years of age in good health. It cannot be doubted that respondent received severe and permanent injuries and suffered great pain and anguish. Dr. Howard Fleming, who examined respondent on six or seven occasions after the accident, testified regarding respondent's injuries and disability, as follows: "Q. What is the condition of his spine and back? A. (By Dr. Fleming): Mr. Sundberg has suffered a strain of his lumbar sacral bone and his sacra iliac joint and has injury to the lumbar sacral plexus or nerve to his left leg. Q. What effect does that injury have on him? A. That causes him severe pain in his back and pelvis and marked weakness of his left leg. Q. And the

doctors you mentioned, in conjunction with yourself, have been treating him in an effort to restore him to his normal condition? A. Yes. Q. What has been the result of the treatment? A. There has been very little improvement. Q. Will these injuries be permanent in your opinion? A. I don't know; I imagine he will have some permanent disability. Q. How will that affect him? A. Cause a marked weakness of his back. He will not be able to do hard labor. Q. Is he compelled to wear a steel corset? A. He is compelled to wear a brace. Q. Will he be compelled to continue with the brace? A. He probably will be . . . ''

We think, when the extent and character of the injuries received by respondent are all considered, the award of damages made by the jury and sustained by the trial court is not at all disproportionate to the compensation reasonably warranted by the facts. We find no prejudicial error in the record.

The judgment should be affirmed, and it is so ordered.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 10, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 4, 1929.

All the Justices concurred.