[Civ. No. 716. Fourth Appellate District.—March 11, 1932.]

VID RASIC, Respondent, v. WM. F. SCHULTHEISS, Appellant.

Wm. J. Claassen, Stanley A. Phipps and Kidd, Schell & Delamer for Appellant.

Richard A. Dunnigan for Respondent.

THOMPSON, J., *pro tem.*—This is an action to recover damages for personal injuries sustained by plaintiff arising out of a collision which occurred on July 5, 1927, between an automobile driven by defendant and plaintiff, who was a pedestrian. A jury returned a verdict for the plaintiff and the defendant appeals from the judgment entered thereon and from an order denying his motion for a new trial. The complaint alleged negligence on the part of defendant. The answer denied generally the allegations of the complaint and

alleged affirmatively contributory negligence on the part of the plaintiff.

Respondent, an iceman, while engaged in the delivery of ice, parked his truck facing east on Thirty-eighth Street, between San Pedro Street and Avalon Boulevard, in Los Angeles, to the left of, and close to, a car parked parallel to the south curb. It was stipulated that this was a residential district at the time of the injury. The evidence as to the distance between the north side of respondent's truck and the north curb of Thirty-eighth Street varied from 19½ feet to 22 feet. This space between the north side of respondent's truck and the north curb was unobstructed. Appellant was operating a Studebaker brougham automobile in an easterly direction on Thirty-eighth Street and was approaching the ice truck from its rear. Appellant testified that he first saw the truck and the respondent standing to the rear of his truck, working on the ice, when appellant was 150 feet to the rear of the truck; that he continued to observe respondent until the front of appellant's car passed respondent, at which time he was still standing at the rear of the truck; and that, as his car got almost past respondent, he heard a thud. He stopped his car and found respondent lying on the ground beside the truck and a cake of ice and tongs were lying near him. The evidence showed that respondent was knocked down by an ornamental bracket on the top part of defendant's car, on the right, above the rear wheel, which bracket struck the cake of ice which the respondent was carrying on his left shoulder, or the ice-tongs with which respondent was holding the ice, the force of the impact throwing respondent to the ground. Respondent testified that he lifted to his left shoulder a 50-pound cake of ice, about 12 inches thick and 22 inches long, and took a step out from the rear of the north side of his truck, and, while standing in that position, he first looked in an easterly direction, toward the front of his truck, for traffic coming in a westerly direction, and, while standing there, started to turn to look to the rear in a westerly direction, and while in the act of turning, he was struck or "sideswiped" by appellant's automobile. Appellant testified that he sounded his horn when about 25 feet to the rear of respondent, but respondent gave no indication of hearing it. Appellant drove his car from 3 to 4½ feet

north of the truck while passing it. Appellant also testified that, when he first saw respondent's truck, he (appellant) was traveling about 22 miles per hour and he slowed down and was going 10 to 12 miles per hour in passing respondent's truck. Witnesses for respondent estimated defendant's speed at 25 to 30 miles per hour at the time of the impact, and these witnesses, who were near the point of impact at the time, and respondent said they did not hear appellant sound the horn.

Appellant contends that the verdict and judgment thereon are erroneous upon the following grounds: (1) That there is entirely lacking any evidence whatever to justify the giving to the jury of an instruction upon the doctrine of the last clear chance; that it is entirely without the issues of the case and that the verdict is not supported by the evidence. (2) That respondent and plaintiff was guilty of contributory negligence as a matter of law and that the trial court erred in denying appellant's motion for a nonsuit based upon said ground.

No complaint is made by appellant as to the form or language of the instruction on the doctrine of last clear chance, but he contends that such an instruction is not applicable to the facts shown by the evidence.

With reference to appellant's first contention, if the evidence was not sufficient to justify submitting an instruction on the last clear chance rule to the jury, then the giving of such an instruction by the trial court is error, and error of this character is sometimes prejudicial. (*Wallis* v. *Southern Pac. Co.*, 184 Cal. 662, 672 [15 A. L. R. 117, 195 Pac. 408]; *Imperial Livestock etc. Co.* v. *Tracy*, 208 Cal. 205, 214 [281 Pac. 50]; *Griffith* v. *Oak Ridge Oil Co.*, 190 Cal. 389, 393 [212 Pac. 913].) It becomes important, therefore, to determine whether or not the instruction on that subject was applicable. In support of his first contention appellant cites numerous authorities which explain the various elements involved in the doctrine of last clear chance, from which it may be said that the last clear chance rule presupposes: (1) that the plaintiff has been negligent; (2) that, as a result thereof, he is in a situation of danger, from which he cannot escape by the exercise of ordinary care, or of which he is obviously unaware; (3) that the defendant is aware of plaintiff's dangerous situation under such circumstances that he re-

alized, or ought to have realized, such inability on plaintiff's part to escape from such situation of danger; (4) that defendant then has a clear chance to avoid injuring plaintiff by the exercise of ordinary care; and (5) that defendant fails to use such care and thereby causes the injury. If all these elements are present the rule applies and enables the plaintiff to recover, notwithstanding plaintiff's own negligence. However, if any of these elements is absent the last clear chance rule does not apply and the case is governed by the ordinary rules of negligence and contributory negligence. (*Palmer* v. *Tschudy,* 191 Cal. 696, at 700 [218 Pac. 36]; 19 Cal. Jur., p. 651 et seq.)

To sustain his contention that the doctrine of last clear chance is not applicable, appellant claims that he never at any time observed respondent in the position where he was struck, but only while respondent was standing behind the ice truck, and that, if respondent had remained there, he would not have been injured, and, therefore, appellant never had actual knowledge of any dangerous situation of respondent. Appellant further contends that it was impossible for respondent to have been in the position where he was struck until after he passed from the range of vision of appellant who was in the driver's seat in the front of the automobile, otherwise respondent would have been hit by the front of the automobile. The last conclusion is not necessarily true. The evidence indicates that no part of the respondent's body was struck by the automobile, but that a projecting ornamental bracket on the top of the car and above the rear wheel struck the cake of ice on respondent's left shoulder, or the ice-tongs with which respondent was carrying the ice, throwing him to the ground. It is apparent from the evidence that, if this bracket had not extended out beyond the upper portion of the body of the car, the car would have passed respondent without causing any injury.

Appellant contends that it is apparent that he did not have actual knowledge of any dangerous situation of respondent for the reason that his (appellant's) own testimony to the contrary ''is the only evidence concerning that issue'', and that the uncontradicated testimony of a witness to a particular fact cannot be arbitrarily rejected. ■ But such uncontradicted evidence may be disregarded if it is inherently improbable, or if there are circumstances in evi-

dence in connection with the matter which satisfied the jury of its inaccuracy. It is within the province of the jury to determine what credit and weight shall be given to the testimony of any witness and the reviewing court cannot disturb a verdict which denies credence to such testimony, unless it appears that there are no matters or circumstances which at all impair its accuracy. (*Cowan* v. *Hill,* 109 Cal. App. 656, 658 [293 Pac. 871].)

In the light of this rule let us examine the evidence to ascertain if there are no circumstances which impair the accuracy of appellant's testimony touching upon that particular fact. Appellant testified in substances that, from a point 150 feet to the rear of the truck until he was passing the rear of the truck, he continually observed respondent, and that during all of that time respondent was standing to the rear of the truck, cutting ice or working at the ice. It does not seem physically possible that in the short time that it required for the front part of appellant's car to pass him, respondent could have put down his cutting tool, obtained his tongs, placed the 50-pound cake of ice on his shoulder, turned to the left and walked into the rear portion of appellant's car, which car, appellant testified, was 11 or 12 feet long. These circumstances might have rendered the testimony of appellant inherently improbable in the minds of the jurors. The physical facts were before the jury and, even if there had been no other testimony than appellant's on this particular matter before the jury, still the jurors were not obliged to accept this testimony of appellant as accurate if it appeared to them unreasonable or not in accordance with the physical facts. (*Cowan* v. *Hill, supra.*)

Respondent testified, in substance, that, just before the impact, he was standing at the rear of his truck just far enough to the north to enable him to see up the street in the direction his truck was facing; that he had a 50-pound cake of ice on his shoulder which obscured his vision in the direction from which appellant was approaching and he was unaware of the appellant's approaching car. If the jurors believed this testimony, they might well have regarded respondent's position under all the circumstances of the case as a position of peril from which respondent could not escape. ■

It is not essential that the inability of a plaintiff to escape must be due to a situation which renders it physically impossible

for him to do so; it is sufficient that he is unaware of the danger and for that reason unable to escape it. (19 Cal. Jur., p. 654; *Palmer* v. *Tschudy, supra.*) Appellant testified that he observed respondent during the last 150 feet of his course toward respondent. There is a conflict in the evidence as to the speed at which appellant was traveling, and the jurors may have concluded that appellant was exceeding the speed limit which at that time was 20 miles per hour in a residential district. The jurors would have been justified in concluding that respondent was standing at the rear and close to the north side of his truck, with the ice on his shoulder obscuring his view toward appellant, during the last 150 feet of appellant's approach to respondent. Respondent testified that he was standing in that position. This was a position of danger. Appellant testified that he saw respondent from the time respondent first came into view when appellant was 150 feet to the rear of respondent, up to the time the front part of appellant's car passed respondent. The jury evidently concluded, and under the evidence was justified in concluding, that appellant saw respondent in a position of danger and, as respondent's head was turned away from the direction from which appellant was approaching, and respondent's view was obscured by the ice on his left shoulder, appellant must have known that respondent was unable to escape from such dangerous situation. "Any evidence of discovered peril will usually make the case for the jury" (20 R. C. L., p. 114; *Starck* v. *Pacific Elec. Ry. Co.*, 172 Cal. 277, at 281 [L. R. A. 1916E, 58, 156 Pac. 51]). The jury was justified also in concluding from the evidence, particularly the testimony of appellant, that he observed respondent during the last 150 feet of his approach to respondent, not only that appellant knew that respondent was in such position of danger and was unable to escape from it, but, also, that appellant still had ample opportunity, by the exercise of ordinary care, to stop his car before reaching respondent, or to turn his car far enough to the left to avoid the collision; but that he failed to do so. In this condition of the evidence the trial court was justified in giving the instruction on the doctrine of last clear chance. All reasonable inferences are to be drawn from the evidence in favor of the conclusion of the jury and conflicts are to be resolved in favor of respondent.

■ Appellant contends that the giving of the instruction on the doctrine of last clear chance in this case deprived the appellant of his defense of contributory negligence. But a reviewing court cannot assume, under the condition of the evidence in this case, that the verdict of the jury was based upon that doctrine. The jury might have considered the question of contributory negligence and found against defendant on that issue. The mere giving of such an instruction on the last clear chance rule does not preclude the jury from considering the question of contributory negligence on the part of plaintiff. Where the evidence is such that the doctrine of last clear chance is not relevant or applicable, such an instruction might be confusing to a jury, but where, as in this case, such an instruction is applicable if the jury found certain facts to be true, it cannot be said that the jurors were misled to the injury of the defendant and appellant. The trial court did not instruct the jury that the doctrine of last clear chance did in fact apply to the case. Nor did the trial court instruct the jury to find for plaintiff and against defendant if the jury believed from the evidence that the defendant had the last clear chance to avoid the injury. The court merely explained the different elements that must be present to make the doctrine applicable, and further stated to the jury that "if any of these five elements is lacking the plaintiff cannot recover on the principle of the last clear chance". Thus the court left it for the jury to determine from the evidence whether or not this doctrine should be applied. The trial court instructed the jury fully on the subject of negligence, contributory negligence and proximate cause and also gave the following instruction: "In order, therefore, to find a verdict for the plaintiff you must not only find from a preponderance of all of the evidence that the defendant was negligent, but also that such negligence was the proximate cause of the injury to the plaintiff; and you must further find that the evidence fails to show by a preponderance thereof that the plaintiff was guilty of negligence contributing proximately thereto; otherwise your verdict must be for the defendant." ■ Whether or not the facts and circumstances are such that the last clear chance rule is applicable is ordinarily a question of fact for the determination of the jury (19 Cal. Jur., p. 653).

■ Appellant next contends that respondent and plaintiff was guilty of contributory negligence as a matter of law and that the trial court erred in denying appellant's motion for a nonsuit on that ground.

Appellant's citations in support of this contention are readily distinguishable from the present case by reason of the facts and circumstances shown by the evidence. In *Schooley* v. *Fresno Traction Co.*, 56 Cal. App. 705 [206 Pac. 481], the evidence showed that plaintiff was walking diagonally across a busy street in the business district of the city of Fresno, apparently heedless of traffic, and walked directly in front of an approaching street-car and was struck by the street-car the instant he stepped on the track. The appellate court held that plaintiff's negligence barred a recovery, stating at page 713: "There can be no recovery in the present case where the street car was being operated at a legal rate of speed." In the case of *Brkljaca* v. *Ross*, 60 Cal. App. 431 [213 Pac. 290], cited by appellant, the facts as outlined in the court's opinion showed that plaintiff, at night, was crossing a street in the city of Fort Bragg, in a northwesterly direction, pushing a cart. He was accompanied by another man at the time. While they were so crossing the street, defendant drove his car into the street which plaintiff was so crossing, approximately 200 feet easterly from plaintiff and his companion. The street was otherwise unoccupied and unobstructed. The car with its lights shining was visible to plaintiff and his companion had they looked in that direction. Defendant sounded his horn several times and up to the time he was within a few feet of plaintiff, and as he approached plaintiff, he was proceeding at a speed not to exceed 3 miles per hour. When defendant's car was about 20 or 25 feet from plaintiff and his companion, the latter stopped walking and was in a place of safety. But plaintiff went ahead, and then turned back, and then, when too late for an impact to be avoided, went ahead again, immediately in front of the car and was struck. The reviewing court held that, under the circumstances of the case, it was the duty of plaintiff, as he approached and passed the center line of the street, to have looked to the right in the direction from which danger could be expected.

The evidence in the case of *Mayer* v. *Anderson*, 36 Cal. App. 740 [173 Pac. 174], cited by appellant, showed that

plaintiff having proceeded about halfway across Market Street in San Francisco, without looking in either direction, collided with defendant's automobile. The appellate court pointed out that the place where the accident happened was one of the most heavily traveled streets in San Francisco and that, despite that fact, plaintiff, in crossing the street, neglected to take the most ordinary precaution to avoid being injured, and walked into the front left end of the automobile.

The evidence in the case of *Atkins* v. *Bouchet,* 65 Cal. App. 94 [223 Pac. 87], relied upon by appellant, discloses that plaintiff, a pedestrian, was crossing East Fourteenth Street in Oakland, carrying an umbrella down over her head as low as her waistline, without even once looking up after leaving the sidewalk, and in consequence thereof she was struck by defendant's automobile.

The case of *Finkle* v. *Tait,* 55 Cal. App. 425 [203 Pac. 1031], also cited by appellant, at first glance similar to the case at bar, in that the decedent was carrying a box of raisins on his shoulder, which obscured his view in the direction from which defendant's car was approaching. The collision happened at night and defendant's headlights were shining, the reflection from which could easily have been seen by plaintiff. The decedent was crossing Hollywood Boulevard in the city of Los Angeles while "considerable traffic" was passing on each side of the street, and decedent was out toward the center of the street when struck. The evidence in the case indicated that he neglected to take any precaution to avoid the collision. The trial court directed a verdict in favor of defendant. The appellate court, in reviewing the case, at page 431 of the opinion, quoted with approval the language contained in *Lacey* v. *Porter,* 103 Cal. 597 [37 Pac. 635], as follows: "To justify the court in directing a verdict it is not necessary that there should be no conflict in the evidence; but where the evidence is such that it is clearly insufficient to support a verdict in favor of the party against whom the direction is given, the instruction is proper. . . . "

Some other cases are cited by appellant in support of his contention that respondent was guilty of negligence as a matter of law, but they are cases like the ones above reviewed in which the plaintiff heedlessly and without taking

ordinary care for his own safety attempted to cross a street in the midst of traffic.

But the evidence in the case at bar shows that respondent was not crossing the street, but was in the act of taking precautions for his safety before attempting to cross the street, when he was struck by defendant's car. Plaintiff testified that he had been working in the rear of his car, concealed from any traffic approaching in a westerly direction; that he took one step out from the rear of his truck in order that he could see any traffic that might be approaching from the east, for, as he explained it, he did not believe anyone would hit him from the rear, and while standing there, close to his truck, endeavoring to see if it would be safe for him to cross the street, and unaware of the approach of defendant's car from the west, he was struck down and injured by defendant's car. If respondent had been actually crossing the street, without having looked to the west, he might have been guilty of contributory negligence as a matter of law, but under the facts and circumstances of the case as shown by the evidence it cannot be said that respondent was guilty of negligence as a matter of law.

Even if we believe that respondent did assume a certain amount of risk in stepping out from the rear of his truck, that would not make him guilty of negligence as a matter of law. As stated in the opinion of the court in the case of *Commonwealth Bonding & Casualty Ins. Co.* v. *Pacific Elec. Ry. Co.*, 42 Cal. App. 573, at 577 [184 Pac. 29, 31]: "The fact that one voluntarily assumes a certain degree of risk is not conclusive of negligence. In these days of rapid transit and congested traffic, every man who crosses a busy street, or drives an automobile, takes chances, and serious ones. The question is, are they greater than is reasonably necessary to meet the ordinary requirements of business, or even pleasure? Where the precise facts under consideration are such as to give rise to an honest difference of opinion between intelligent men, the question is one for the jury."

The case at bar falls within that classification, and we believe that plaintiff was not guilty of contributory negligence as a matter of law. The trial court, therefore, was justified in denying defendant's motion for a nonsuit. (*Fraher* v. *Eisenmann*, 94 Cal. App. 48, 51 [270 Pac. 704];

*Erdevig* v. *Market Street Ry. Co.,* 203 Cal. 367, 373 [264 Pac. 252].)

The order denying appellant's motion for a new trial, not being an appealable order, the appeal from that order is dismissed.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.