## 5383.   BECKER *v.* KENNEY *et al.*

1. The true criterion for ascertaining whether an amendment is allowable is the determination as to whether it relates to another cause or controversy, or concerns the same transaction, contract, or injury, etc.; in other words, whether it is the same cause of action in such a sense that the allowance of the amendment is merely the grant of permission to lay the action in a manner which the plaintiff considers will best correspond with the nature of his complaint and with the proof and merits of his case.

2. A petition brought in accordance with section 3353 (2) of the Civil Code, to foreclose a materialman's lien on realty therein described, and naming as ·defendants two individuals, who were duly served, but naming only one of them as a party to the contract alleged therein, could be amended by alleging (so that the allegation should conform to the real contract) that the other defendant also entered into the contract and jointly agreed to pay the sum stipulated therein; especially as the petition asked no personal judgment against the defendant whose name was thus inserted in amplification and correction of the description of the contract, but only a judgment in rem against the property, of which he was alleged to be the true owner.

3. The court did not err in overruling the general demurrer to the petition as amended.

DECIDED SEPTEMBER 23, 1914.

Foreclosure of lien; from city court of Athens—Judge West. October 19, 1913.

*Green & Michael,* for plaintiff in error.  *J. L. Deadwyler,* contra.

RUSSELL, C. J.  The proceeding was brought to foreclose a materialman's lien against certain realty in the city of Athens, described in the petition.  Pauline Kline and J. H. Becker were named as parties defendant; process issued, directed to both of them, and was personally served upon each of them.  Both defend-

ants were before the court, and there was enough in the petition to indicate the right claimed by the plaintiffs, and the remedy they sought to pursue. In detailing the facts upon which the plaintiffs' right to the lien rested, it was alleged in the original petition that the contract upon which the defendants' indebtedness depended was made by the plaintiffs with Pauline Kline alone, and that she promised to pay the sum for which the foreclosure was sought. The amendment proposed to insert Becker's name as one of the parties to the contract. The allegation of the original petition upon this subject was as follows: "On the ———— day of October, 1912, plaintiffs, in consideration of $435.98, to be paid to it by Pauline Kline, one of the defendants herein named, upon the completion of the contract, contracted with the defendant last named to do certain work and furnish certain material in improving certain real estate and building thereon, in said county, belonging to said defendants," etc. The amendment simply inserts the words "J. H. Becker and," before the words "Pauline Kline," and inserts their names after the word "defendants," at the end of this part of the paragraph.

The only question presented is whether the amendment was demurrable because it set forth a new cause of action, or added a new and distinct party. We do not think it is subject to either objection. To foreclose a materialman's lien it must appear, among other things, that the contract was completed; that there was a claim of lien recorded within three months; that suit was instituted within twelve months; and the property must be definitely described. It is also necessary, of course, to state that some one empowered to make the contract entered into an agreement under which the work was done or the material furnished. But if the allegations of the original petition be sufficient to identify the cause of action, and show that the plaintiff is entitled to the remedy he seeks, to wit, to have the lien foreclosed against the real estate described, the petition would contain substance sufficient to permit of an amendment varying the allegations of the original petition conformably to the actual facts capable of proof. The case might be different if a personal judgment were asked against the defendant Becker; for the reason that the pursuit of this remedy would carry the plaintiffs beyond the rights to which they are entitled under the foreclosure of the lien. To entitle the plaintiffs to recover upon

the lien, it is necessary that the allegations of the petition charge
Becker not only with notice of the improvements, but with more
than tacit assent to such improvements. But Becker was already
a party defendant. He had filed an answer. A contract with
Pauline Kline was alleged. The suit was certainly good against
Kline, and would have entitled the plaintiffs to foreclosure of their
lien on the property if Kline had been the sole owner. The peti-
tion sought a foreclosure on the property, but stated that the title
to the property was in Becker. The amendment simply sought to
set up that Becker, as well as Pauline Kline, entered into the
original contract for the improvement of the property, the legal
title of which was in Becker. To test the admissibility of the
amendment, we need only say that it is not insisted that the original
petition would not have entitled the plaintiffs to a personal judg-
ment against Pauline Kline, or if the property were hers, to have
it subjected to the lien by foreclosure. There was, then, a good
cause of action as to one of the parties, for Becker too was a party.
The purpose of the amendment was merely to state additional facts
which would subject the same property mentioned in the petition,
under the contract referred to therein, to the foreclosure of the lien,
if the evidence showed it to be Becker's property instead of Pauline
Kline's, or Becker's and Pauline Kline's jointly instead of Pauline
Kline's individually.

The allegation that there was a contract, either express or im-
plied, is essential in the foreclosure of a materialman's lien, but a
petition to foreclose a materialman's lien might be susceptible to
amendment so as to allege a contract, even were such an allegation
entirely omitted from the original petition. If it were plain from
the other allegations of the petition that all the other facts which
would entitle the plaintiff to the foreclosure of the lien were prop-
erly pleaded, and if it were true and could be pleaded that the an-
tecedent contract was made, an amendment suggesting that it was
in fact made would be allowable.

It is apparent that the defendant Becker at one time had the
same view of the matter that we entertain, for he pleaded that he
was not a party to the contract; and, no doubt, this suggested the
amendment offered by the plaintiffs. If the amendment truly
states the facts, and Becker as a matter of fact was a party to the
contract under which the improvements were made, the plaintiffs

16

would be entitled to have their lien foreclosed upon the property of which he is the legal owner. This is all that is asked in the original petition, and there is no amendment suggesting a personal judgment against Becker. It appears to us that the petition as originally filed was fully sufficient to notify Becker, within the terms of the ruling in *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691 (13 S. E. 809), that the plaintiffs claimed a lien upon his real estate, which is definitely described. The petition alleges compliance with all the statutory requirements in the foreclosure of the lien. It is true that the contract as alleged in the original petition (being alleged to have been made with Pauline Kline alone) would not entitle the plaintiffs to have this lien foreclosed upon the realty of Becker, but the contract is only one of the incidents of the suit, and the allegation as to the contract is amendable. The petition asserted a right to a lien on the real estate so plainly as to classify the action, and Becker was brought into court as one of the parties. The amendment seeks so to amplify the defective petition as to render it effective along the same line that the original petition pursued. A different question might be presented if Becker had not been originally a party, or a personal judgment were sought against him, but the action, although defective at first, can readily be recognized as an attempt to subject Becker's property to the foreclosure of a lien. If, as has been judicially stated, the rule of amendment is in Georgia "as broad as the doctrine of universal salvation" (*Murphy* v. *Peabody,* 63 *Ga.* 524), no reason is apparent why the allegation that the contract was made with one person can not be amended so as to show that it was made with half a dozen (already parties to the suit and before the court), when the date of the contract, the subject-matter to which it related, the amount thereof, and every other particular except the parties is specified.

The plaintiffs in the original instance sought a lien. By the amendment they merely asked to make effective their lien against the realty of the true owner, who was previously disclosed by the original petition. The decision is controlled by the decisions of the Supreme Court in *Ellison* v. *Georgia R. Co.*, supra, *Boyd* v. *Robinson,* 104 *Ga.* 793 (31 S. E. 29), and *Sharman* v. *Walker,* 68 *Ga.* 148, and is not unlike the case of *Carlton* v. *Grissom,* 98 *Ga.* 118 (26 S. E. 77), in which it was held that an action instituted

against two persons upon a joint liability, but which merely indicated that their liability was that of a partnership, could be amended so as to allege distinctly that the liability was incurred by the defendants as partners in the prosecution of the partnership business. It is plain that in the case at bar the original petition attempted to allege a joint liability between Kline and Becker, and the amendment seeks merely to show the nature of this joint liability. An amendment which merely amplifies and more fully explains the original cause of action is always allowable. In our opinion no new cause of action was added by the amendment and no new party introduced. The petition contained ample substance to permit of amendment, and the court did not err in allowing it.

<em>Judgment affirmed. Roan, J., absent.</em>