[Civ. No. 4735. First Appellate District, Division Two.—June 3, 1924.]

## A. J. OLIVER, as Trustee in Bankruptcy, etc., Respondent, v. STAPLES & PFEIFFER, a Partnership, etc., et al., Appellants.

[1] PLEADING—ACTION AGAINST PARTNERSHIP—PARTIES—JUDGMENT.— Where an action is brought against a partnership, in the partnership name, followed by a statement of the individuals composing the partnership, and although said individuals are not named as defendants, an appearance is made both for them and for the partnership, judgment will run against said individuals in the same manner as if they had been named defendants in the proceeding.

[2] BANKRUPTCY—PREFERENCE—ANTECEDENT DEBT—EVIDENCE—IMMATERIAL FINDING.—In this action by the trustee in bankruptcy to

---

1. Right to personal judgment against partner in action against firm, note, Ann. Cas. 1918D, 1136. See, also, 20 Cal. Jur. 764; 20 R. C. L. 936.

2. See 4 Cal. Jur. 76; 3 R. C. L. 270.

recover a preference under the provisions of sections 60a and 60b
of the National Bankruptcy Act, the question whether the evidence
supported the finding that the antecedent debt of the bank-
rupt to defendants was a certain specified sum, instead of a larger
sum as contended by defendants, was immaterial, because the find-
ing of the greater amount would have been of no avail to defend-
ants.

[3] ID.—DELIVERY OF MATERIALS—RECOVERABLE PREFERENCE.—The de-
livery by the bankrupt to defendants within four months before
the filing of the petition in bankruptcy, of certain materials, in
payment of a general antecedent debt, constituted a recoverable
preference within the meaning of the Bankruptcy Act.

[4] ID.—KNOWLEDGE OF INSOLVENCY—EVIDENCE—FINDINGS.—The evi-
dence having shown that defendant had been informed on numerous
occasions that the bankrupt partnership and the individual partners
composing it were insolvent and unable to meet the indebtedness
which was facing them and that, if they received the materials in
question and credited them upon their own indebtedness, such act
would be treated as a preference and action would be brought to
enforce the rights of the other creditors to the bankrupt assets, the
trial court properly found that defendants, at the time they were
taking the transfer of said materials from the bankrupt, had rea-
sonable cause to believe that such transfer would create a prefer-
ence within the meaning of the Bankruptcy Act.

(1) 30 Cyc., p. 595.   (2) 7 C. J., p. 279, sec. 449 (Anno.).   (3) 7
C. J., p. 155, sec. 254.   (4) 7 C. J., p. 273, sec. 438.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. E. P. Mogan, Judge.
Affirmed.

The facts are stated in the opinion of the court.

Leon A. Blum and David K. Watkins for Appellants.

McKannay & Hunt for Respondent.

NOURSE, J.—Plaintiff sued and recovered judgment
against the defendants for the sum of $538.49 in an action
to recover a preference under the provisions of sections 60a
and 60b of the National Bankruptcy Act (U. S. Comp. Stats.,
sec. 9644). Plaintiff alleged and the court found that he

3.  See 4 Cal. Jur. 74; 3 R. C. L. 279.
4.  See 4 Cal. Jur. 72; 3 R. C. L. 278.

was the duly appointed and acting trustee in bankruptcy of the Commercial Brass Foundry, a partnership; that the bankrupt owed the defendants, a partnership composed of the individuals named therein, the sum of $538.49 upon a general antecedent debt, and that during the four months preceding the filing of the petition in bankruptcy this debt was paid off by the delivery to the defendants of materials of equal value. In fact, materials in excess of the debt had been delivered, but on the 7th of April, 1921, a short time before the filing of the petition, a settlement was reached between the bankrupt and the defendants by their payment of the sum of $160 to the bankrupt. It also appeared that at the time of the transfer of these materials the bankrupt was badly involved with other creditors, a fact which was well known to the defendants, and that they had been warned of the condition of the bankrupt and that the acceptance of materials in cancellation of their debt would be treated as a void preference.

On this appeal we are at a loss to know just how to treat the appealing parties. The notice of appeal was given by the attorneys who are presenting it before this court and stated that the "defendants" in the above-entitled action appealed from the judgment rendered against them. They also signed as attorneys for these defendants. Now for the first time they, without any order, change the caption of the cause so as to make it appear that the defendant partnership separately was the only party sued. In the briefs which they have filed they have signed as attorneys for the defendant, using the singular, but whether they are appearing for the partnership or for one of the two individuals composing the partnership does not appear. If counsel are appearing for the defendant partnership, their objection that the individual defendants were not properly sued is of course wholly beside the question, because it is of no interest to one defendant that other parties are improperly joined in sharing the burden of the judgment. If counsel were appearing for either of the two individuals then they might be heard upon the point that such individuals were not properly sued, but they have not elected to so appear.

[1] Treating the point, however, as being properly raised, it appears that counsel made a general and unqualified appearance for all three defendants in the court below. That

is, they appeared for the defendants Staples & Pfeiffer, a partnership, and for the two individuals Staples and Pfeiffer. No special appearance was made by any of these defendants for the purpose of raising the question of proper joinder. In fact, the defendant Pfeiffer verified the answer to the complaint as ''one of the defendants,'' and the whole proceeding before the trial court was had upon the theory that all three parties had been properly sued. Counsel for the appellants, without letting us know whom they represent, place their greatest stress upon this point, but we do not consider it of any importance. The statute, section 388 of the Code of Civil Procedure, provides as follows: ''When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, and the individual property of the party or parties served with process, in the same manner as if all had been named defendants and had been sued upon their joint liability.'' Though it does not appear in this record whether both of the individuals were served with summons, it does appear that a general appearance was made for both of them, and this, of course, is equivalent to the service of summons. Judgment, therefore, will run against both of these parties in the same manner as if they had all been named defendants in the proceeding, and none of the appellants has suffered any prejudice by reason of the form of the allegations in the complaint.

[2] The appellants attack the finding that the antecedent debt was $538.49 instead of $784.60. The finding was based upon the undisputed facts that a settlement was made between the bankrupt and appellants on April 7, 1921, and the balance of the account was that included in the finding. The whole point is immaterial anyway because the finding of a greater amount would be of no avail to the appellants.

[3] It is argued that the transfer to appellants was not a ''payment'' creating a recoverable preference within the bankruptcy law. The whole argument is merely a play upon words. Appellants were creditors of the bankrupt and received a portion of the materials in settlement of their claim.

A debt may be paid by the transfer of cash or property. Section 60a of the Bankruptcy Act of 1898 reads in part: "A person shall be deemed to have given a preference if, being insolvent, he has within four months before the filing of the petition . . . *made a transfer of any of his property* . . . to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." In support of their argument upon this point counsel for appellants insist that during the course of the trial a stipulation was entered into to the effect that the transfer of these goods was not a payment within the meaning of the Bankruptcy Act. The whole argument is based upon a misconstruction and misapplication of the record. The parties did not stipulate that the transfer was not a payment, but upon request of counsel for respondent that such a stipulation be made counsel for the appellants refused to consent to the use of the word payment. This is as far as the stipulation went.

[4] Appellants insist that there was no showing of knowledge on their part of the pending insolvency of the bankrupt. The trial court found that the appellants at the time they were taking the transfer of materials from the bankrupt had reasonable cause to believe that such transfer would create a preference within the meaning of the Bankruptcy Act. The evidence to support this finding was that the appellants had been informed on numerous occasions that the Commercial Brass Foundry and the individual partners composing it were all insolvent and unable to meet the indebtedness which was facing them. They were also informed that, if they accepted these materials and credited them upon their own indebtedness, the act would be treated as a preference and action would be brought to enforce the rights of the other creditors to the bankrupt assets.

The other points raised by the appellants are trivial and do not require consideration. The whole appeal is without merit. We find no error in the record.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.