## 20226. Hunt, administrator v. Ponder.

Broyles, C. J. · 1. "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, is enough to amend by. The jurisdiction of the court may be shown, and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration omit to allege facts essential to raise a duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." Civil Code (1910), § 5682.

(a) "So long as the matter for which the action was truly and substantially brought is not forsaken, but is adhered to and relied on for recovery, the introduction by way of amendment of a different contract in form is not regarded as introducing a new cause of action." 31 Cyc. p. 415; *McDonald* v. *Beall*, 52 *Ga.* 577 (1); *Florida R. Co.* v. *Varnedoe*, 81 *Ga.* 175 (7 S. E. 129); Gunther *v.* Aylor, 92 Mo. App. 161.

2. In the instant case the cause of action set out in the original petition was for money advanced by the plaintiff in behalf of Mary S. Dill and expended by the plaintiff for the purchase of both personal and real property for her benefit, and the petition set forth a written power of attorney, executed by Mary S. Dill, merely as evidence of the plaintiff's authority to act for her. The petition did not declare upon the power of attorney, but declared upon the implied promise of Mary S. Dill to repay the money advanced by the plaintiff in her behalf. The amendment to the petition, striking the power of attorney and setting up in lieu thereof an oral agreement between the plaintiff and Mary S. Dill, did not set up a new cause of action, and was properly allowed.

3. The ground of the demurrer to the petition as amended, alleging that the plaintiff was not entitled to recover on the oral agreement, for the reason that the agreement concerned the purchase of land, is without merit. The petition alleged that the plaintiff performed his part of the agreement and expended the money for the benefit of Mary S. Dill, and that she accepted and ratified his actions in the premises. These allegations clearly bring the transaction without the statute of frauds.

4. The court did not err in overruling the demurrer to the original petition, or the demurrer to the petition as amended.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

Decided March 5, 1930.

*Graham Wright, F. W. Copeland,* for plaintiff in error.
*Rosser & Shaw,* contra.