[Civ. No. 7784. First Appellate District, Division One.—September 27, 1932.]

H. GINSBERG et al., Copartners, etc., Respondents, v. SALVATORE FARAONE et al., Appellants.

Anthony S. Devoto for Appellants.

I. M. Peckham for Respondents.

LANDIS, J., *pro tem.*—The action as originally commenced on May 25, 1926, was entitled ''Ginsberg Tile Company, a copartnership, against Salvatore Faraone and Jennie Faraone, his wife'', alleging that certain work had been done by the plaintiff upon the improved property of the defendants under an agreement between them whereby plaintiff was to be paid $593.75 for its work, which amount was unpaid, and that a claim of lien had been filed for record on February 24, 1926, with a prayer for judgment for said sum of $593.75, and for a foreclosure of the lien. There was no allegation in the complaint respecting the copartnership named in the caption, or showing who were its constituent members.

Defendants demurred upon the sole ground that plaintiff had no legal capacity to sue, and moved to dismiss upon the same ground. On July 17, 1926, and before the demurrer and motion were heard, an amended complaint was filed in the name of the same plaintiff. and with two personal defendants, G. M. Sourich and T. A. Sourich, and four fictitious defendants added, and containing an allegation that plaintiff Ginsberg Tile Company was at all times mentioned a copartnership composed of H. Ginsberg and S. Ginsberg, and that they had complied with the provisions of sections 2466 and 2468 of the Civil Code, and other allegations not found in the original complaint. Defendants promptly demurred to the amended complaint again upon the ground that plaintiff lacked the capacity to sue, and again moved to dismiss upon the same ground, and moved to strike the amended complaint from the files upon the ground that it changed the cause of action originally set forth. The trial court granted the motion to dismiss, but took no action upon the demurrer or motion to strike.

An appeal was taken from the order of the trial court granting the motion to dismiss. The appellate court reversed the order of the trial court granting the motion to dismiss with directions to the trial court to allow the complaint to be

again amended. (*Ginsberg Tile Co.* v. *Faraone,* 99 Cal. App. 381 [278 Pac. 866, 869].)

After the going down of the *remittitur,* and on August 26, 1929, a second amended complaint was filed in which the name of the plaintiff was given as ''H. Ginsberg and S. Ginsberg, copartners doing business under the name and style of Ginsberg Tile Company'' against Salvatore Faraone, Jennie Faraone, his wife, G. M. Sourich and T. A. Sourich. Defendants Salvatore Faraone and Jennie Faraone, his wife, demurred to the second amended complaint again upon the ground of plaintiff's lack of capacity to sue, and upon the ground that plaintiff's alleged cause of action was barred by section 1190 of the Code of Civil Procedure, and again moved to dismiss upon the same ground, and upon the additional ground that the second amended complaint changed the cause of action originally set forth, not only as to parties, but also as to subject matter, and moved to strike the second amended complaint from the files upon the same ground. The trial court overruled defendants' demurrer and denied defendants' motion to dismiss and strike.

Appellants contend that their demurrer to the second amended complaint should have been sustained without leave to amend and that their motions to dismiss and strike should have been granted, for the following reasons: (1) A copartnership acting under a fictitious name cannot sue in that name. (Citing sec. 388, Code Civ. Proc.) (2) As there was no legal entity in plaintiff, there was no foundation upon which to base an amendment. (3) Inasmuch as it does not appear by affirmative allegation in the original complaint that the plaintiff designated as ''Ginsberg Tile Company, a copartnership'' was represented in the persons of H. Ginsberg and S. Ginsberg, as the owners of the business transacted under that name, it was not within the power of the court to allow plaintiff to amend the title of his action by changing it from ''Ginsberg Tile Company, a copartnership, Plaintiff, v. Salvatore Faraone and Jennie Faraone, his wife, Defendants'', to ''H. Ginsberg and S. Ginsberg, copartners doing business under the name and style of Ginsberg Tile Company, Plaintiffs''. (4) The second amended complaint entirely and completely changes the cause of action originally set forth in the original com-

plaint, both as to parties and subject matter. The party plaintiff in the original complaint is "Ginsberg Tile Company, a copartnership", and the parties plaintiff in the second amended complaint are "H. Ginsberg and S. Ginsberg, copartners doing business under the name and style of Ginsberg Tile Company". That it is thus apparent that in the second amended complaint new plaintiffs are brought into the case. (5) The action herein is barred by section 1190 of the Code of Civil Procedure.

Respondent contends that all the points urged by appellants on the present appeal were presented to and determined by the District Court of Appeal on the former appeal.

It is clear that the points numbered 1, 2 and 3 were presented to, considered and determined by the appellate court on the former appeal adversely to the contention of appellants, as will be disclosed by the following excerpts from said decision: It is there held that the statute and the authorities in this state fully warrant the conclusion at which the lower court arrived, namely, that plaintiff had no legal capacity, but it must be remembered that the designation of the plaintiff, as shown in the complaint at the time the matter was so considered and determined by the District Court of Appeal was "Ginsberg Tile Company, a copartnership", and not as now appears in the amended complaint, as amended under the direction of the said District Court of Appeal. In any event, said statement was followed by the court in effect holding that by granting the motion to dismiss, the opportunity to amend was cut off and that by demurring and moving on one ground and not on the other, the defendants waived the admitted defect and irregularity; that the defect is not absolutely fatal; that if a cause of action exists, the complaint is amendable; that the granting of the motion to dismiss was tantamount, so far as the question of the amendment is concerned, to the sustaining of a demurrer without leave to amend; that if the amended complaint was susceptible of amendment so as to show upon its face the real parties plaintiff, and we are satisfied it was, the case would seem to be squarely within the case of *Metzger* v. *Vestal*, 76 Cal. App. 409, 418 [244 Pac. 942], wherein this language was used: "While the demurrers were properly sustained, . . . the plaintiffs ought to be permitted to amend in order that the case may be decided upon the merits

rather than upon technical rules of pleading. 'Unless it be clear to a trial court that a defective complaint cannot be amended so as to obviate the objections made thereto, a plaintiff desiring it should be allowed reasonable opportunity to so amend.' ''

On the former appeal, the court further stated: ''The motion to dismiss, the granting of which gave rise to this appeal, was made upon the ground that 'plaintiff' had no legal capacity to sue. The motion to strike out the amended complaint was upon the ground that it wholly changed the cause of action set forth in the original complaint. This latter point is discussed in the briefs, but it is not necessary to discuss it herein. Moreover, as stated above, it was not the ground of the motion to dismiss and no action was taken upon the motion to strike, by the lower court.''

Therefore, as hereinbefore stated, the District Court of Appeal having reversed the order of the trial court and directed that the complaint be amended, it is obvious that in so far as the points numbered respectively 1, 2 and 3 are concerned, they were definitely decided on the former appeal. The decision thereon was afterwards reviewed by the appellate court under a petition for a rehearing, which was denied; and a petition to have the cause heard by the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court.

With respect to point 4, dealing with the motion to strike out the amended complaint upon the ground that it wholly changed the cause of action set forth in the original complaint, and point 5, contending that the action is barred by section 1190 of the Code of Civil Procedure, appellants contend that the first and second amended complaints involving G. M. Sourich and T. A. Sourich for the first time were filed beyond the time fixed by the statute for the institution of a mechanic's lien suit, and in connection therewith we may use the words of appellants, that the test is: ''Does the amended complaint introduce a wholly different cause of action?'' and may adopt and quote the rule found in the case of *Doolittle* v. *McConnell*, 178 Cal. 697 [174 Pac. 305, 307], cited by appellants, wherein it is said: '' 'A complainant [is not] at liberty to abandon the entire case made by his bill, and make a new and different case by way of amendment', or 'to strike out the entire

substance and prayer of his bill, and insert a new case by way of amendment'. ''

■ Whatever may have been the rights of defendants G. M. Sourich and T. A. Sourich need not be considered, for the reason that after their demurrers to the second amended complaint were overruled and their motions to strike and dismiss were denied, they failed to answer and their default was entered and, in so far as the appellants, the defendants Salvatore Faraone and Jennie Faraone, are concerned, their rights were not affected by the joinder of the defendants G. M. Sourich and T. A. Sourich, and they cannot now be heard to object to the joinder. (*Gardner* v. *Samuels,* 116 Cal. 84 [47 Pac. 935, 58 Am. St. Rep. 135]; *Madary* v. *City of Fresno,* 20 Cal. App. 91 [128 Pac. 340]; *Holmes* v. *Anderson,* 90 Cal. App. 276 [265 Pac. 1010]; *Blodgett* v. *Trumbull,* 83 Cal. App. 566 [257 Pac. 199]; *O'Connell* v. *Rogers,* 72 Cal. App. 539 [237 Pac. 775]; *Oliver* v. *Staples & Pfeiffer,* 67 Cal. App. 570 [227 Pac. 927].)

■ In this action in the original complaint, briefly stated, plaintiff alleged that defendants Salvatore Faraone and Jennie Faraone, his wife, were the owners of certain land; that plaintiff and defendants agreed that plaintiff would do certain tile work in a house on the property, for which defendants agreed to pay the sum of $593.75; that plaintiff performed the work according to said agreement; that no part of the sum agreed upon has been paid; that a claim of lien was filed and recorded in the office of the county recorder where the land is situate; and the usual prayer for judgment for the amount, and that same be adjudged a lien against the property, and that the property be sold, etc. Although the amended complaint amplified in many respects the rather sketchy averments of the original pleading, and added allegations not found in the original complaint, the only material change was that the contract instead of having been made directly with the defendants Salvatore Faraone and Jennie Faraone, his wife, was made with the defendants G. M. Sourich and T. A. Sourich, who were the real contractors for said work, and that the said Souriches were acting for and on account and also as agents of the defendants Salvatore Faraone and Jennie Faraone, his wife.

In both the original and the amended complaints, it was sought to foreclose the identical lien, for the identical work, labor and materials, arising out of the identical transaction and covering the same property. In clarification of the rule that a wholly different cause of action cannot be substituted by amendment, in the case of *Frost* v. *Witter*, 132 Cal. 421, 424 [64 Pac. 705, 706, 84 Am. St. Rep. 53], the following rules are promulgated: " . . . that great liberality should be used by the courts in allowing amendments (*Burns* v. *Scooffy*, 98 Cal. 276 [33 Pac. 86], and cases cited); and that the allowance of amendments is a matter within the discretion of the courts. (*Coubrough* v. *Adams*, 70 Cal. 378 [11 Pac. 634]; *Lestrade* v. *Barth*, 17 Cal. 288.) And in practice the courts have been extremely liberal,—as, e. g., in *Heilbron* v. *Heinlen*, 72 Cal. 376 [14 Pac. 24], where the complaint was amended so as to describe a different tract of land from that described in the original complaint; or in *Walsh* v. *McKeen*, 75 Cal. 519 [17 Pac. 673], where the case was changed from an action at law to a case in equity; or in *Cox* v. *McLaughlin*, 76 Cal. 60 [18 Pac. 100, 9 Am. St. Rep. 164], where the change allowed was from an action on a special contract to an action on a *quantum meruit;* or as in *Castagnino* v. *Balletta*, 82 Cal. 256 [23 Pac. 127], where the change was from an action on a mechanic's lien to an action on the special contract, or in *assumpsit;* or in *Bogart* v. *Crosby*, 80 Cal. 195 [22 Pac. 84], where the principal debtors, who had been omitted from the original complaint, were brought in by amendment." (See, also, *Gambling* v. *Haight*, 5 Daly (N. Y.), 152, affirmed 58 N. Y. 623; *Becker* v. *Kenney*, 15 Ga. App. 239 [82 S. E. 936]; *Sullivan Construction Co.* v. *Twin Falls A. Co.*, 44 Idaho, 520 [258 Pac. 529].)

Applying these rules to the case at bar, it is clear that the cause of action set up in the original and that set up in the amended complaint was the same obligation sought to be enforced, that is to say, the obligation to pay the money agreed to be paid. Therefore, it cannot be said that the cause of action was wholly changed. ▪ Where the cause of action is not changed, the time to which the statute of limitations runs is the filing of the original complaint. (*Frost* v. *Witter, supra,* and cases therein cited.)

It follows that there was no error in overruling the demurrer and denying the motion to strike and dismiss. No other points were urged for a reversal.

Judgment appealed from is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 27. 1932.