### 25004. POWELL *et al. v.* WEEKS, administrator.

JENKINS, P. J. 1. "Where a case has been tried by a jury and a verdict rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable. . . The sufficiency of the evidence to sustain a verdict will not be considered by this court upon a direct bill of exceptions. The question must be made and passed upon in the court below, by a motion for new trial." *Hamilton National Bank v. Robertson,* 177 *Ga.* 734 (171 S. E. 293), and cit.; *Mackin v. Blalock,* 133 *Ga.* 550 (4) 553 (66 S. E. 265, 134 Am. St. R. 220); *Jones v. Richards,* 23 *Ga. App.* 560 (99 S. E. 11). But see, as to the rule where error is assigned on the direction of

a verdict without any motion for new trial, *Jones* v. *Moore,* 51 *Ga. App.* 716 (181 S. E. 313), and cit.

2. The only assignment of error being on the *denial* of the motion for new trial, and no error being assigned on its *dismissal* for want of a brief of evidence and want of prosecution, even if the assignment made could be taken as presenting the question whether the motion for new trial was properly dismissed, the court did not err in dismissing the motion, for the reason that there was no brief of evidence. Irrespective of whether or not the dismissal was proper on the additional ground assigned of want of prosecution, in view of the deaths of one of the parties and one of the attorneys for the other party, the order of dismissal was proper, under the recital in the bill of exceptions that no brief of the evidence was ever "offered for approval or filed in said case." *Groves* v. *Groves,* 177 *Ga.* 768 (171 S. E. 261), and cit.; *Varner* v. *Thompson,* 49 *Ga. App.* 136 (174 S. E. 383), and cit.

3. Moreover, even if on any theory this court could properly determine the merits of the dismissed motion for new trial based on the general grounds, filed on December 3, 1931, without any accompanying brief of evidence, by considering the evidence set forth only in the bill of exceptions tendered on June 1, 1935, it is manifest that the verdict in favor of the plaintiff was fully authorized by his testimony that the account sued on against the defendants husband and wife was joint under their agreement, and not the debt merely of the husband, or of other persons, as testified by the defendants and their witnesses.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED DECEMBER 21, 1935.

318

*William B. Kent,* for plaintiffs in error. *W. S. Mann,* contra.