CHEATHAM *v.* PALMER *et al.*

620

No. 13444.   January 16, 1941.   Rehearing denied March 14, 1941.

625

*L. P. Strickland* and *R. W. McDuffee,* for plaintiff in error.
*Oliver & Oliver* and *Charles E. Anderson,* contra.

JENKINS, Justice. Some elaboration of the rulings made in the 4th paragraph of the syllabus seems proper. "The true criterion for determining whether an amendment is admissible is this: whether the amendment is of another cause of controversy, or whether it is the same contract, or injury," so that an allowance of the amendment would be merely to grant "permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint, and with the proof and the merits of his case. The plaintiff can not introduce an entirely new cause of action; but if he adheres to the original cause of action, he may add a count substantially different from the declaration." *Maxwell* v. *Harrison,* 8 *Ga.* 61 (52 Am. D. 385); *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (5), 789 (48 S. E. 318), and cit.; *Charleston & Western Carolina Ry. Co.* v. *Lyons,* 5 *Ga. App.* 668, 672 (63 S. E. 862), and cit.; *Becker* v. *Kenney,* 15 *Ga. App.* 239, 242 (82 S. E. 936); *Hunt* v. *Ponder,* 41 *Ga. App.* 293 (152 S. E. 593), and cit.

(*a*) "The interposition of a court of equity to correct mistakes, both as to law and fact, by ordering a proper deed to be executed, according to the true intent of the parties, is a very ancient doctrine. . . It has always been a familiar branch of equity jurisdiction to grant relief to parties against agreements made under a misconception of their rights. In every [proper] case under this head of the law, the only inquiry is, does the instrument contain what the parties intended it should and understood that it did? Is it their agreement? If not, then it may be reformed by aliunde proof, so as to make it the evidence of what was the true bargain between the parties. And *it is wholly immaterial from what cause the defective execution* of the parties originated." [Italics ours.] *Wyche* v. *Greene,* 16 *Ga.* 49 (1, 3, 4), 61. "The proper inquiry," in cases where chancery may reform a deed for mutual mistake, "is, does the instrument contain the true agreement between the

parties? Is it what they intended it should be? or has the drafts-man, by mistake, either as to fact or as to law, drawn a different contract from the one contemplated? . . While chancery has no power to make contracts for parties, or to substitute one for an-other, it can and will decree that they shall reform those which they have actually made; and if the paper does not fulfil or vio-lates their understanding, it will be rectified and made to conform to it." *Wyche* v. *Greene,* 11 *Ga.* 159, 171. See also *Chapman* v. *Cassels Co.,* 180 *Ga.* 349, 353 (179 S. E. 91); *Green* v. *Johnson,* 153 *Ga.* 738 (113 S. E. 402), involving a mistake both of fact and law; and *Mason* v. *Cobb,* 148 *Ga.* 469, 472 (96 S. E. 1042), where it was alleged that "the failure to correctly reduce to writing the verbal agreement . . was due entirely to accident or *mistake* and ignorance *both of law and fact* on the part of both of the parties to said agreement . . and the said writing does not express the true agreement of said parties." Accordingly, in this suit for the reformation of a deed on account of mutual mistake as to its form and effect, an amendment by adding a second count with like prayers, showing essentially the same transaction as set forth in the original petition, and esentially the same actual agreement and same facts as to a mistake, and adding details and facts as to additional undertakings by the defendant, was not a new and dif-ferent cause of action, and was properly allowed, even though the new count set forth additional matters which it is contended sought to recover on account of a mistake of law, besides a mistake of fact as set forth in the original petition, the essentials of which were repeated in the new count.

(*b*) Although the court submitted to the jury only the second (new) count of the petition, which was added as an amendment after the decision of this court in *Cheatham* v. *Palmer,* supra, hold-ing that the original count stated a cause of action for reforma-tion of the deed between the parties on account of a mutual mis-take, without designating the kind of mistake, and was not sub-ject to general demurrer, and although there is no present excep-tion to any ruling on additional grounds of demurrer to the orig-inal count, the former decision of this court is the law of the case in so far as the two counts may not differ. Under the ruling in the preceding paragraph, the two counts being essentially the same in containing the same basic cause of action, with elabora-

tions in the second count which it is contended show a mistake of law as well as a mistake of fact, the previous holding that the first count was good against general demurrer is controlling as to the second count, and the court did not err in overruling the general demurrer thereto on all grounds. In the absence of a special demurrer on the ground of duplicity, no question is presented as to whether the additional, but superfluous, matter rendered the second count subject to such an attack.

*Judgment affirmed.   All the Justices concur.*