1. The bill of exceptions is not subject to dismissal:
(a) For the reason urged, that no proper plaintiff in error is named. Although the bill of exceptions is signed by counsel as "attorneys for plaintiffs [plural] in error," it refers to the "plaintiff in error" as "this defendant," and identifies such defendant as the one who filed general and special demurrers to the petition, and it is "this defendant" who excepts and assigns error on the adverse rulings. The fact that the other two defendants, who filed no demurrer, were not made plaintiffs in error is immaterial, for the reason that "where a petition is filed against several defendants, and one files a demurrer which is overruled, and he excepts, the remaining defendants need not be made parties to a bill of exceptions assigning error on the overruling of the demurrer." First National Bank of Atlanta v. Holderness, 189 Ga. 819, 821
(7 S.E.2d 682), and cit.
(b) Nor is it subject to dismissal because the record does not show any final judgment or any valid assignment of error on a final judgment, such as would give this court jurisdiction of the writ of error. If a ruling or decision complained of as erroneous is one preceding the final judgment, and a proper specific assignment of error is made as to such antecedent ruling or decision, and the final judgment is also excepted to, not because of additional error in it, but because of the antecedent rulings which entered into and affected the further progress or final result of the case, a general exception to the final judgment in support of the specific exception to the antecedent ruling will suffice to give the reviewing court jurisdiction to determine such specific exception. Lyndon v. Georgia Railway Electric Co., 129 Ga. 353
(58 S.E. 1047); Petty v. Bryant, 188 Ga. 102 (2 S.E.2d 910). The decree on this petition to reform a deed on account of mistake made the verdict for the plaintiffs the judgment of the court, and awarded costs against the defendant. It was therefore a final judgment; and the general assignment of error thereon as "contrary to law" was a sufficient basis for exceptions to previous rulings in so far as they entered into and affected the final judgment.
(c) Or because there is no assignment of error on the exceptions pendente lite taken to the previous adverse rulings. Where proper exceptions pendente lite appear in the bill of exceptions or record, an assignment of error "either upon the exceptions pendente lite or upon the rulings therein excepted to shall be held to be sufficient," without assigning *Page 618 
error upon both. Code, § 6-1305; Alexander v. Chipstead, 152 Ga. 851, 858 (111 S.E. 552). The exceptions to the rulings on demurrer and other previous adverse rulings were therefore sufficient.
2. Where a case has been tried by a jury and a verdict rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable. The sufficiency of the evidence to sustain a verdict will not be considered by this court upon a direct bill of exceptions. The question must be made and passed on in the court below by a motion for new trial. Hamilton National Bank v. Robertson, 177 Ga. 734
(171 S.E. 293), and cit.; Mackin v. Blalock, 133 Ga. 550 (4), 553 (66 S.E. 265, 134 Am. St. R. 220); Schroeder v. Schroeder, 144 Ga. 119 (3) (86 S.E. 224); Powell v. Weeks, 52 Ga. App. 316 (183 S.E. 75). Since the direct bill of exceptions in this case does not involve any alleged erroneous direction of a verdict, and no motion for a new trial appears, this court can not consider whether the evidence was sufficient to support the verdict and decree, but is limited to the questions raised by demurrers and other adverse previous rulings.
3. After the verdict and before the decree, the defendant moved for a judgment in his favor "non obstante veredicto," because the plaintiff's pleadings were insufficient to authorize a recovery, and moved for a judgment in his favor under the evidence, because the evidence demanded such a verdict. Under the preceding ruling, the question raised as to the evidence can not be considered. Whether or not the first motion was proper procedure by a defendant, or whether it should have been granted, need not be determined, since the questions sought to be thus raised were presented by the demurrers to the second count of the petition, and will be determined in that connection.
4. While a plaintiff can not amend his petition with an entirely new cause of action, he may, under the rules in the opinion, add a count substantially different from the original petition, if he adheres to the essentials of his original cause of action.
(a) In this suit for reformation of a deed, on account of the mutual mistake of the parties, the gist of the grounds for relief was that the deed failed to set forth the true agreement of the parties for the grantee to pay certain city paving assessments. Where the second count, sought to be added by amendment, set forth the essential averments of the original count as to this omission, with facts showing a mutual mistake, which in both counts, without being so characterized, may be taken as alleging a mistake of fact, the amendment was properly allowed as not adding a different cause of action, even though it included new details of the transaction between the parties, and added matter which might be taken as basing the right of recovery, not only on the mistake of fact, but also upon a mistake of law.
(b) The previous decision in Cheatham v. Palmer, 178 Ga. 223
(172 S.E. 462), is the law of this case that the original petition was not subject to general demurrer. Since the amendment by the second count contains the essential averments of the original petition, the new count was likewise good against general demurrer, even though it added unnecessary or superfluous matter, which might be construed as pertaining to a mistake of law. Whether such additional matter would have rendered *Page 619 
the amendment subject to special demurrer for duplicity need not be determined in the absence of such ground.
(c) The petition does not show laches, a question which was not raised or ruled on in the previous decision on the general demurrer to the first count, where the petition was filed in less than two years after the execution of the deed sought to be reformed, especially in view of other pending litigation between the parties, which, if it had been determined in favor of the present plaintiffs, would have rendered the petition unnecessary. See Cheatham v. Palmer, 176 Ga. 227
(167 S.E. 522).
5. Where a special demurrer to a petition is sustained, with leave to amend, and there is a failure to do so, the petition should be dismissed if the delinquency relates to the entire cause of action. But if the demurrer goes only to some particular part of the petition, without which a valid cause of action would still be set forth, the proper judgment is to strike the defective portion, and not to dismiss the entire action. White v. Little, 139 Ga. 522 (3) (77 S.E. 646); Beermann v. Economy Laundry Co., 153 Ga. 21, 22
(111 S.E. 399); McSwain v. Edge, 6 Ga. App. 9, 11
(64 S.E. 116); Elliott v. Orange Crush Bottling Co., 56 Ga. App. 313, 315 (192 S.E. 530). A special ground of demurrer, attacking a petition as a whole as too general, vague, uncertain, or indefinite, without specifying the defects complained of, is itself too indefinite to raise any question for decision. Askew v. Thompson, 129 Ga. 325 (3), 328 (58 S.E. 854); Darien Bank v. Clifton, 156 Ga. 65 (2) (118 S.E. 641); Lowery Lock Co. v. Wright, 154 Ga. 867
(1, d) (115 S.E. 801).
(a) Under the preceding rules, the attack on the petition as a whole, as making it "impossible to determine in all cases
the time and place" and other facts as to the transaction involved, recognized the sufficiency of some of the averments, and failed to point out in what "cases" the averments were insufficient. Therefore, no question is presented as to whether the judge erred in refusing to dismiss the action on this ground, after the ground had been previously sustained with leave to amend, and no amendment was filed.
(b) Nor did the court err in denying the motion to dismiss the action, after a failure to amend the petition on the previous order sustaining grounds seeking information as to the dates, amounts, and maturities of the city paving assessments involved in the case; the order, however, not itself providing for a dismissal. Irrespective of whether or not this information was vital to the entire cause of action, the failure to amend in this respect was harmless to the defendant, since his own answer, setting up a counter-claim for the recovery of these amounts, which he had paid, disclosed that he was in possession of the essential information. Notwithstanding the settled elementary rule that, in determining whether a petition is sufficient to withstand a demurrer, neither the trial nor the appellate court can look to the defendant's plea or answer, this does not preclude the appellate court from noting the harmlessness of any error in failing in effect to require the plaintiff to supply information sought by special demurrer, where the defendant's pleading discloses that the essential information is already in his possession. See Hall v. State, 8 Ga. App. 747
(3), 751 (70 S.E. 211). *Page 620 
(c) Nor did the court err in refusing to dismiss the action, after a failure to amend, an other sustained special grounds of demurrer, since these related to matters sufficiently set forth in other portions of the petition not so attacked, or in any event as to all such matters the petition set forth a good cause of action even after elimination of the stricken parts. See Dorsett v. Horovitz, 172 Ga. 175 (157 S.E. 319).
6. The court properly overruled all grounds of demurrer to the second count of the petition; and on every exception the judgment of the trial court must be affirmed.
 No. 13444. JANUARY 16, 1941. REHEARING DENIED MARCH 14, 1941.
In 1931 Cheatham sued out an attachment in a city court, against James D. Palmer and S.W. Palmer, non-residents, to recover the amount of a city paving-lien installment paid by Cheatham, claiming under a general warranty in a deed from the Palmers to Cheatham. Section 9 of the act of 1927 (Ga. L. 1927, pp. 1404, 1410), authorizing the City of Millen to pave its streets and make other improvements, provided that "unmatured installments shall not be deemed to be within the terms of any general covenant or warranty." The grantee under the deed, plaintiff in attachment, attacked this provision as constituting no defense to the alleged breach of warranty, on the ground that the provision was a special law in conflict with the general law of warranty, and therefore in contravention of art. 1, sec. 4, par. 1, of the constitution. Code, § 2-401. In January, 1933, this court (Cheatham v. Palmer, 176 Ga. 227, supra) sustained the attack, and reversed the judgment of the trial court. In April, 1933, the Palmers, grantors in the deed and defendants in the attachment case, brought to the superior court the petition in this case, and prayed for an injunction against further prosecution of the city-court attachment, and for reformation of the deed containing the general warranty, on account of alleged mistake. The essential averments were: that at the time of the purchase, "it was clearly agreed and understood by and between petitioners and defendant that the defendant was to assume payment of all future assessments for paving that might become due" under the city charter and described paving law and plan, "and that in addition to the purchase-price paid petitioners. . the additional assessments, or future assessments, due the City of Millen under said paving assessment, being a part of the consideration moving to the purchase *Page 621 
of said property;" that a deed was drawn in which it was sought to provide that such paving assessments were to be paid by the defendant grantee, as distinctly agreed between the parties; that by mistake the deed was so drawn as not to contain this agreed provision, the scrivener not being a lawyer or experienced in the drawing of deeds, and the mistake not being discovered until after the signing and delivery of the deed; that "the mistake was a mutual one, as there was no misunderstanding between the parties to the said trade as to the exact agreement made between plaintiffs and defendant, . . that is, that the property was conveyed with the distinct understanding that all future assessments and levies for paving was to be paid by" the defendant, grantee in the deed; that notwithstanding the failure by mistake to insert the agreed provision, the defendant grantee refused to pay the first paving assessment, permitted the city to issue an execution therefor, and then, after paying this off, brought the attachment for its recovery.
The petition further alleged that plaintiffs "had every reason to believe that the deed had been correctly drawn, with the statement therein embodied that `all future assessments for paving due the City of Millen on said property were assumed and to be paid for by [said grantee],' and were not aware that the said deed did not contain the said provision;" that "said deed should be reformed so as to speak the truth, and carry out the contract of the parties thereto, and correctly describe and include" the said agreement; that "there has never been any question about the paying of said assessments by [the grantee], and there was nothing to put petitioners on notice that any mistake concerning it could possibly have been made in the deed; and in view of the fact that the assuming of the payments of future installments for paving was a part of the consideration paid for said property, and the plain understanding and agreement between the parties to the trade consummated in the contract by which defendant purchased said lands from petitioners with the said provision. . and in view of this, petitioners did not examine the deed as closely as they might under other circumstances, and the mistake was not discovered until later;" that "the prosecution of this action against your petitioners in a court of law [the city court] will work serious injury and injustice upon petitioners, for the reason *Page 622 
that the contract sued on does not express the intention of or the actual agreement between the parties;" and that "petitioners have no adequate and complete remedy at law, and the deed referred to above should be reformed to express the true agreement and intention of the parties to said contract." The defendant grantee in the deed demurred generally to the petition, on the ground that it did not state a cause of action, did not allege any matter or thing of equitable jurisdiction, and under the allegations petitioners were not entitled to the relief sought. This court (Cheatham v. Palmer, 178 Ga. 223, supra), held: "The petition alleges that by mutual mistake of the parties a deed executed by petitioners to the defendant does not express the intention of the parties to the contract, and prays for reformation of the instrument. Such petition was not subject to a general demurrer."
Petitioners then filed an amendment which they designated as a second count. This amendment referred to the city paving act, and set out, as reasons why the grantor petitioners had not read the deed closely enough to discover the alleged mistake, essentially the same averments as in the original petition, and an additional reason that the deed was drawn on a blank form containing a printed covenant of warranty; and, as a reason why the resident agent of the non-resident grantors had not looked at the deed as closely as he would otherwise have done, that immediately before the delivery of the deed the grantee "then and there offered to pay off and discharge all the paving assessments, . . and refrained from so doing only because he could not save any interest by paying them off at that time;" and that the deed was delivered with the understanding that the grantee would pay off such assessments, but he failed to do so. Like the original petition, the amendment alleged an agreement between the parties that the defendant grantee should pay the paving assessments; and paragraph 10 of the amendment in terms alleged: "that by mistake said covenant of warranty was left in said deed and the provision that all future paving assessments due [to] the City of Millen were assumed and agreed to be paid by him was left out of said deed, and the said deed does not express the true contract and agreement for the sale of said land actually entered into between the plaintiffs and the defendant." The amendment alleged, that the deed was prepared by a person "who was not a lawyer and was not experienced in the *Page 623 
drawing of deeds, and the said [agent of the grantors] and the said scrivener filled in said deed on a blank form and inadvertently left in said deed the provision stated" as to warranty; that "the said mistake was a mutual mistake in that the plaintiffs, the defendant, and the said [agent] all honestly believed that said deed had the legal effect of requiring the said defendant to pay said paving charges," and believed that the deed carried into effect the true agreement between the parties; "and that the deed should be so reformed as to speak the truth and to carry out the agreement and contract between [the parties] and so as to provide that the paving assessments due the City of Millen are to be paid by the defendant." There were prayers similar to those in the first count. Additional language in the second count, relative to the city paving act, which the defendant contends in the brief shows a reliance on a mistake of law by reason of a misconception as to the validity of the warranty provision in that act, is as follows: "4. That said act of 1927 contained a provision to the effect that liens for paving assessments provided for in said act should not be considered to be covered by a general covenant of warranty. . . 14. That the act of the defendant in then and there offering to pay the paving charges to the City of Millen put the said [agent] off his guard, and caused him not to scrutinize the blank form on which the deed was drawn as closely as he might otherwise have done, and the said [agent] and the said defendant, at the time said deed was delivered, were both agreed that the defendant was to pay the assessments and they, plaintiffs, said [agent], and defendants believed the deed carried into effect the true agreement between the parties. 15. The plaintiffs alleged, upon information and belief, that the defendant was advised by some lawyer that the provision in the act of 1927 to the effect that paving assessment liens were not covered by a general covenant of warranty was unconstitutional. Plaintiffs allege that the defendant and plaintiffs and said [agent] all knew of the existence of said provision in said act at the time said deed was executed and delivered."
The defendant demurred generally and specially to the new count. The judge overruled all of the grounds except ten, and as to them provided that they "be met by amendment within five days; else stand dismissed." One of these grounds was that "the allegations of the amended petition as a whole are so vague, indefinite, *Page 624 
uncertain, inconsistent, and confusing that it is impossible to determine in all cases the time and place of, the individuals or representations having dealing or connection with, and circumstances surrounding, the negotiations, the offer, the acceptance, the actual agreement, the deed (its preparation and execution), the modification of the agreement, what understandings were verbal and what written." Some of the sustained grounds sought detailed information with reference to the paving assessments and amounts due the city thereon. As to these, in the cross-claim of the defendant's answer, seeking to recover from the plaintiffs the amounts of assessments paid by the defendant, essentials of this information were set forth. In the other sustained grounds the defendant sought fuller details as to facts alleged and matters set forth in paragraphs of the petition as to which special demurrers were overruled. No amendment having been filed to meet the sustained grounds, the defendant assigns error on the refusal of a subsequent motion to dismiss the second count, for the reason assigned, that these grounds "attacked the amended petition as a whole," and required "the furnishing of information so vital and necessary to the plaintiff's entire case as that plaintiff's failure to amend required a dismissal of count two." In addition to elaborated general grounds, pertinent overruled grounds of attack on the second count are, that the petition showed laches in filing the suit; and that the second count set up a new and distinct cause of action.
In the trial, either, as the bill of exceptions recites, the court directed a verdict in favor of the defendant grantee on the original petition (count one), or, as the record shows, the jury were instructed that they should not consider the first count, but should "only consider this second count." No verdict was rendered as to the first count. Upon the issues submitted on the second count the jury found for the plaintiff grantors. After the verdict and before the decree on the second count, the defendant moved for a judgment "non obstante veredicto," on grounds relating to his demurrers and objections to the plaintiff's pleadings; and moved for a judgment on account of the alleged insufficiency of the plaintiff's evidence. The defendant assigns error on the denial of these motions, on the overruling of grounds of demurrer to the second count, and on rulings as to that count. While there is a general exception to the final decree as "contrary to law," and reference is *Page 625 
made to the sufficiency of the evidence in connection with the motion of the defendant for a judgment, made after the verdict for the plaintiffs, there is no exception to any refusal of a new trial, and the record does not disclose such a motion. Other pertinent facts appear in the syllabus.
Some elaboration of the rulings made in the 4th paragraph of the syllabus seems proper. "The true criterion for determining whether an amendment is admissible is this: whether the amendment is of another cause of controversy, or whether it is the same contract, or injury," so that an allowance of the amendment would be merely to grant "permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint, and with the proof and the merits of his case. The plaintiff can not introduce an entirely new cause of action; but if he adheres to the original cause of action, he may add a count substantially different from the declaration." Maxwell v. Harrison, 8 Ga. 61 (52 Am. D. 385); City of Columbus v. Anglin, 120 Ga. 785 (5), 789 (48 S.E. 318), and cit.; Charleston Western Carolina Ry. Co. v.Lyons, 5 Ga. App. 668, 672 (63 S.E. 862), and cit.; Becker
v. Kenney, 15 Ga. App. 239, 242 (82 S.E. 936); Hunt v.Ponder, 41 Ga. App. 293 (152 S.E. 593), and cit.
(a) "The interposition of a court of equity to correct mistakes, both as to law and fact, by ordering a proper deed to be executed, according to the true intent of the parties, is a very ancient doctrine. . . It has always been a familiar branch of equity jurisdiction to grant relief to parties against agreements made under a misconception of their rights. In every [proper] case under this head of the law, the only inquiry is, does the instrument contain what the parties intended it should and understood that it did? Is it their agreement? If not, then it may be reformed by aliunde proof, so as to make it the evidence of what was the true bargain between the parties. Andit is wholly immaterial from what cause the defective execution
of the parties originated." [Italics ours.] Wyche v. Greene,16 Ga. 49 (1,3,4), 61. "The proper inquiry," in cases where chancery may reform a deed for mutual mistake, "is, does the instrument contain the true agreement between the *Page 626 
parties? Is it what they intended it should be? or has the draftsman, by mistake, either as to fact or as to law, drawn a different contract from the one contemplated? . . While chancery has no power to make contracts for parties, or to substitute one for another, it can and will decree that they shall reform those which they have actually made; and if the paper does not fulfil or violates their understanding, it will be rectified and made to conform to it." Wyche v. Greene, 11 Ga. 159, 171. See alsoChapman v. Cassels Co., 180 Ga. 349, 353 (179 S.E. 91);Green v. Johnson, 153 Ga. 738 (113 S.E. 402), involving a mistake both of fact and law; and Mason v. Cobb, 148 Ga. 469,472 (96 S.E. 1042), where it was alleged that "the failure to correctly reduce to writing the verbal agreement . . was due entirely to accident or mistake and ignorance both of law andfact on the part of both of the parties to said agreement . . and the said writing does not express the true agreement of said parties." Accordingly, in this suit for the reformation of a deed on account of mutual mistake as to its form and effect, an amendment by adding a second count with like prayers, showing essentially the same transaction as set forth in the original petition, and essentially the same actual agreement and same facts as to a mistake, and adding details and facts as to additional undertakings by the defendant, was not a new and different cause of action, and was properly allowed, even though the new count set forth additional matters which it is contended sought to recover on account of a mistake of law, besides a mistake of fact as set forth in the original petition, the essentials of which were repeated in the new count.
(b) Although the court submitted to the jury only the second (new) count of the petition, which was added as an amendment after the decision of this court in Cheatham v. Palmer, supra, holding that the original count stated a cause of action for reformation of the deed between the parties on account of a mutual mistake, without designating the kind of mistake, and was not subject to general demurrer, and although there is no present exception to any ruling on additional grounds of demurrer to the original count, the former decision of this court is the law of the case in so far as the two counts may not differ. Under the ruling in the preceding paragraph, the two counts being essentially the same in containing the same basic cause of action, with elaborations *Page 627 
in the second count which it is contended show a mistake of law as well as a mistake of fact, the previous holding that the first count was good against general demurrer is controlling as to the second count, and the court did not err in overruling the general demurrer thereto on all grounds. In the absence of a special demurrer on the ground of duplicity, no question is presented as to whether the additional, but superfluous, matter rendered the second count subject to such an attack.
Judgment affirmed. All the Justices concur.