### ANDERSON *v.* GARMON.

ATKINSON, Presiding Justice. An equitable action was instituted by the owner of a designated lot of land against the owner of an adjacent lot lying immediately to the north, to enjoin the cutting of timber on the plaintiff's lot. Under the pleadings and the evidence the controlling issue was as to location of the dividing line. After conclusion of the evidence and after the attorney for the plaintiff had commenced his argument before the jury, the defendant offered an amendment setting forth more distinctly his contentions as to location of a conventional line theretofore established. The amendment was allowed over stated objections, and the trial proceeded to final verdict and decree in favor of the defendant. The plaintiff filed exceptions pendente lite to the order allowing the amendment, and in the final bill of exceptions assigned error on the ruling excepted to pendente lite, but did not assign error upon the verdict or final decree. *Held:*

1. The bill of exceptions is insufficient to bring under review the judgment allowing the amendment to the answer. This accords with principles announced in *Cheatham* v. *Palmer*, 191 *Ga.* 617 (1 *c*) (13 S. E. 2d, 674); *Alexander* v. *Chipstead*, 152 *Ga.* 851 (111 S. E. 552), holding on different facts that the assignment of error was sufficient.

2. "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." Code, § 110-702. After rendition of the verdict and decree the plaintiff filed a motion in arrest of judgment, which complained of alleged errors committed on the trial, but not of any defect of record in the verdict and decree. The judge did not err in overruling the motion to arrest the judgment.

3. "All applications for a new trial, except in extraordinary cases, shall be made during the term at which the trial was had; and when the term shall continue longer than 30 days, the application shall be filed within 30 days from the trial." Code, § 70-301. The verdict was rendered on August 7, and the decree on August 8. On December 10, after disposition of the motion in arrest of judgment, the plaintiff presented an ordinary motion for a new trial. The judge declined to entertain that motion, on the ground that it was not presented in time. *Held,* that there was no error in refusing to entertain the motion for a new trial. *Judgment affirmed. All the Justices concur.*

No. 14095. MAY 20, 1942. REHEARING DENIED JUNE 16, 1942.

*Weir S. Gaillard,* for plaintiff. *Joseph G. Collins,* for defendant.