35371. DIXIE ORNAMENTAL IRON COMPANY, INC.
*v.* PARRISH.

DECIDED NOVEMBER 1, 1954.

*Clyde W. Chapman, Chapman, Thompson & Chapman,* for plaintiff in error.
*Francis Y. Fife, Morgan C. Stanford,* contra.

FELTON, C. J. Edward D. Parrish sued Dixie Ornamental Iron Company, Inc., to recover damages for the breach of a contract between the defendant on the one part and the plaintiff and James C. Hayes as partners, on the other. The jury found for the plaintiff, and the defendant excepts to the denial of its

motion for new trial as amended. There was no demurrer to the petition, so that no question is raised by the motion for new trial as to the right of the plaintiff to recover. The contract sued on stipulated that the defendant was purchasing the assets of the partnership, and agreed to assume the liabilities of the partnership. Attached to the petition is an affidavit by the plaintiff showing the outstanding liabilities of the partnership as of April 23, 1953, the date of the contract. Included in this affidavit, is the item involved in this action, which is an indebtedness of $406.44 owed to the U. S. Treasury Department. The defendant's answer alleged that the affidavit was given to James C. Hayes (president of the defendant corporation who handled the transaction for it) before the purchase of the partnership assets. The plaintiff contends that the above item of indebtedness was for social security and withholding tax deductions owed by the partnership for the third quarter of 1952. The defendant contends that the partnership did not owe the indebtedness, but that the item represented an indebtedness which was owed by the corporation and which it had paid. The evidence shows without dispute that the plaintiff's contention was correct. The defendant's evidence shows only that it did not know at the time of the contract what quarter the item covered. This indebtedness was assumed by the defendant under the contract, and the plaintiff proved that he paid it individually. It follows that, under the pleadings and evidence, the verdict for the plaintiff was demanded. If there are any errors shown in the special grounds, they were harmless.

The court did not err in denying the motion for a new trial.
*Judgment affirmed. Quillian and Nichols, JJ., concur.*