35798. DIXIE ORNAMENTAL IRON CO., INC. *v.* PARRISH.

QUILLIAN, J. 1. Where, as in the instant case, the petition alleges that under the terms of a contract the plaintiff was to do certain work and be paid commissions computed on a given basis, an amendment which does not vary the terms of the contract as pleaded, but avers that the plaintiff was to perform certain other and additional services, for which he was to be paid certain commissions, is not objectionable as setting forth a new cause of action. *Bunn* v. *Hargraves,* 3 *Ga. App.* 518 (60 S. E. 223); *Hunt* v. *Ponder,* 41 *Ga. App.* 293 (1a) (152 S. E. 593); *Kraft* v. *Rowland & Rowland,* 33 *Ga. App.* 806 (128 S. E. 812).

2. The verdict was supported by sufficient evidence, and no error requiring a new trial was committed by the trial court.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED SEPTEMBER 27, 1955.

*Chapman, Thompson & Chapman,* for plaintiff in error.
*Francis Y. Fife & Morgan C. Stanford,* contra.

Edward D. Parrish sued Dixie Ornamental Iron Company, Inc., in the Civil Court of Fulton County on a contract. The petition alleges that the corporation was to pay Parrish ten percent commission on all sales made by him; that, between the dates of April 23, 1953, and May 24, 1953, he sold ornamental iron products for the corporation, valued at $4,450; that he is entitled to commissions in the sum of $445, together with seven percent interest from May 24, 1953. Upon the trial of the case the plaintiff proved without objection that, under his contract with the defendant, Dixie Ornamental Iron Company, he was to have ten percent of all sales made by the defendant. The jury returned a verdict for the plaintiff. The defendant filed a motion for new trial, and from the judgment denying the motion, appealed to this court. The Court of Appeals reversed the judgment of the Civil

Court of Fulton County, because there was a fatal variance between the case as laid in the plaintiff's petition and the proof submitted on the trial.

The variance arose from the fact that the petition alleges that the contract provided that the plaintiff was to be paid ten percent commission on all sales made by him, whereas the evidence produced by him on the trial showed that the contract stipulated that the plaintiff was to be paid ten percent commission on all sales made by the defendant. *Dixie Ornamental Iron Co.* v. *Parrish*, 91 *Ga. App.* 11 (84 S. E. 2d 595).

Upon the case coming on for trial the second time in the Civil Court, the plaintiff with the permission of that court amended his petition by striking the allegation that he was to be paid ten percent of the amount of all sales made by him, and alleged in lieu thereof: "Defendant agreed to pay plaintiff a ten (10) percent commission on all sales of the defendant which plaintiff made over the telephone, which plaintiff made personally with the customer, and on all sales of defendant where the specifications and estimate of costs were made by plaintiff."

The case proceeded to trial and again resulted in a verdict for the plaintiff.

The defendant filed a motion for new trial on the general grounds, which was overruled. The defendant again appealed to this court. In his bill of exception the defendant excepts to the judgment allowing the amendment and to the denial of his motion for new trial.